Opinion by
Judge Kramer,
This opinion involves two separate appeals filed by the Township of Middletown (Township) from two orders of the Court of Common Pleas of Delaware County which will be described hereinafter. These are the third and fourth appeals taken by the Township from orders of the court below in this very complicated case involving protracted proceedings over the past four and a half *655 years. In view of the complicated procedural history of this case, it will be helpful to present a chronology of the events in an itemized format so that the result of this case will be completely understood.
1. During all times pertinent to this matter Gwen D. Abel and George G. Abel, III (hereinafter collectively referred to as the Abels) owned 80.06 acres of land situated in the Township.
2. On August 10, 1970, pursuant to the enabling provisions of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §10101 et seq., the Township adopted ordinance No. 136 (later amended by ordinance No. 139) providing for planned residential developments (PRD’s) within the Township. In addition to the usual provisions relating to PRD’s, the ordinance required prior approval of a Land Use Plan before the presentation of an application for preliminary approval of a PRD.
3. On October 12, 1970, the Abels informally discussed with the Board of Supervisors of the Township their intent to develop their tract of land as a PRD. On November 10, 1970, they again appeared before the Board regarding their proposal. Without a hearing, the Board, by letter dated December 10, 1970, informed the Abels that, on December 2, 1970, their request for approval of their Land Use Plan, submitted under the Township’s ordinance No. 136, had been denied.
4. On January 8, 1971, the Abels filed a zoning appeal with the court below. The court held, on April 13, 1971, that the Abels had a right to have the Board of Supervisors’ decision reviewed by the court, but, because there was no record to review, the court remanded the matter to the Board of Supervisors for an evidentiary hearing. In June of 1971 the Board of Supervisors held a hearing at which extensive testimony and evidence were presented by the Abels in support of their Land Use Plan. After the hearing the Abels received an undated *656 decision of the Board of Supervisors which again denied approval of the Land Use Plan. The denial stated that the Abels’ plan was not in harmony with what had been planned for the area involved.
5. This adjudication was again appealed to the court below and, in an opinion dated February 14, 1972, the court held that the Abels had satisfied all the requirements set forth in the ordinance for approval of a Land Use Plan and that the Township had arbitrarily and capriciously denied approval.
6. On March 9, 1972, the Township appealed to this Court (its first appeal) and, in an opinion dated December 4, 1972, we affirmed the order of the court below and struck down the three-step procedure of the ordinance as an unauthorized expansion of power under the MPC. See Abel v. Township of Middletown, 7 Pa. Commonwealth Ct. 6, 297 A.2d 525 (1972).
7. Pursuant to the order of this Court, the Abels filed an application for preliminary approval of their PRD on February 12, 1973. A hearing was held on March 26, 1973, at which time the Abels again presented evidence in support of their contention that their application for a PRD complied with all the elements of the ordinance.
8. While this application was pending, the Township enacted ordinance No. 4 repealing ordinances Nos. 136 and 139 pertaining to PRD’s. The Abels filed a suit in equity before the court below concerning this attempted repealer, which resulted in a stipulation and consent decree whereby it was provided that the repealer would in no way affect the Abels’ application.
9. At the conclusion of the March 26, 1973 hearing, the Township continued the matter to April 30, 1973, for the purpose of permitting it to prepare testimony in opposition to the case presented by the Abels. Further continued hearings were held on May 2, 1973 and May 7, 1973, at the end of which the Abels asked for a continuance so as to prepare rebuttal to the case presented by *657 the Township. The Township Board of Supervisors refused the Abels’ request for a continuance for the purpose of offering rebuttal testimony and terminated the hearing.
10. On May 11, 1973, the Abels presented a petition to remove the record for further proceedings to the court below. This petition alleged that the Township’s refusal to grant the Abels a continuance so as to permit the production of rebuttal testimony was prejudicial to their rights and contrary to the prior order of the court below. Based upon sections 1010 and 1011 of the MPC, 53 P.S. §§11010 and 11011, the petition requested the court to order the Township to certify the entire record then made to the court for further proceedings so as to complete the record for a determination on the preliminary application for a PRD. The court below, on that same date, granted the prayer of the petition, ordered the certification of the record to the court and ordered that a hearing be held within 30 days after such certification. It is interesting to note that although the Township denied that a zoning appeal was pending, the Township’s answer to the Abels’ petition admitted “that in zoning appeals the Court of Common Pleas retains jurisdiction of appeals during the pendency of further proceedings.”
11. On May 30, 1973, the Township filed a petition for allowance of appeal from the court’s order, which was denied. The Township filed exceptions on May 31, 1973.
12. Then on June 11, 1973, the Township once again took an appeal to this Court (its second appeal), and on July 17, 1973, the President Judge of this Court granted a motion to quash filed by the Abels on the basis that the order appealed from was interlocutory.
13. On July 26, 1973, the Abels presented additional testimony before the court below in order to rebut the case presented by the Township. At the close of the record there made, the court requested that briefs be presented and arguments held concerning the matter. Arguments were held on September 6,1973.
*658 14. On December 10, 1973, the court below issued an opinion and order in which the court found that the Township had abused its discretion in processing the Abels’ application. Based upon the record made before the governing body of the Township and the additional testimony and evidence it had received, the court concluded that the Abels’ preliminary application for a PRD complied with the provisions of the Township’s ordinances and the statutory law. The court granted preliminary approval for the PRD and ordered the Abels to file an application for final approval of their plan within 90' days. In its order the court also retained jurisdiction over the matter for further proceedings.
15. On January 4, 1974, the Township filed an appeal to this Court (its third appeal in this matter) from the lower court’s order of December 10, 1973. On February 8, 1974, the Abels filed a motion to quash the appeal alleging that the Township was acting in an arbitrary, capricious and delaying manner and further that the court’s order was interlocutory. On February 14, 1974, the Township filed an answer to Abels’ motion. The motion to quash will be covered by this opinion.
16. On March 11, 1974, the Abels filed their application for final approval for the PRD, and on March 21 the lower court entered an order permitting the Township to file objections to the Abels’ application. Objections were filed and a hearing was set for April 26, 1974.
17. On April 24, 1974, the Township filed a petition with this Court requesting a supersedeas to stay the proceedings scheduled before the court below. On April 25, 1974, the President Judge of this Court refused the petition for supersedeas. The President Judge stated:
“Having considered the extraordinary protracted history of litigation in this case, the interests of justice require avoidance of further delay in this litigation to the end that it be resolved on its substantive merits as promptly as feasible; an objective that will not be accomplished if the requested stay is granted.”
*659 18. On April 26, 1974, a hearing was held before the court below and testimony and evidence were received from both parties.
19. On December 4, 1974, the lower court filed an opinion and order in which it found that the five main objections of the Township were generally without merit. The court issued a final order which approved the final plan submitted by the Abels, subject to three itemized conditions, and dismissed all of the Township’s- other objections.
20. On December 23, 1974, the Township filed an appeal in this Court (its fourth appeal in this matter) from the lower court’s order of December 4, 1974, and the President Judge, in an endeavor to reach the substantive merits of this case and to avoid further delay, ordered the case advanced for argument.
We have before us several questions. Initially, the Township raises the question on whether the court below has the authority to remove a proceeding pending before the governing body of the Township before the statutory period within which the governing body may render its decision. In connection with the Township’s appeal from the lower court’s order of December 10, 1973, we will have to pass upon the motion to quash which has been filed by the Abels, as mentioned above. Lastly, the Township raises the question of whether the court below committed an error of law in granting both preliminary and final approval of the Abels’ PRD.
Preliminary to determining whether or not the motion to quash should be granted, we must determine whether the court below had authority to order the certification of the record made before the governing body upon the application for a preliminary or tenative plan for the PRD. The Township is quite correct in its contention that section 1001 of the MPC, 53 P.'S. §11001, provides that the proceedings set forth in the MPC shall constitute the exclusive mode for securing review of any decision, deter *660 mination or order of the governing body. The Township is also correct in its assertion that under the statute it had 30 days from the close of the testimony to render its adjudication. See section 709 of the MPC, 53 P.S. §10709. The Township is likewise correct in asserting that our prior decision, Abel v. Middletown Township, supra, affirmed the lower court’s order and required the Abels to make application for tenative approval of their PRD. However, unlike the position of the Township, our recognition of the applicable law does not end here. Section 701 of the MPC, 53 P.S. §10701, indicates a legislative intent which recognizes the very complicated nature of large residential developments needed by our citizens for better housing and recreation, and the desirability of providing “increased flexibility” in zoning regulations over land development in order to “encourage the disposition of proposals for land development without undue delay.” A reading of Article VII of the MPC, 53 P.S. §10701 et seq., makes it clear that the Legislature was quite aware of the reluctance on the part of the governing bodies of some of the municipalities in the Commonwealth to approve land use developments, such as PRD, and that the Legislature intended the procedures set forth in Article VII to be an expeditious method for processing applications for such large developments. We believe that it was in accord with this legislative intent that the Legislature provided in section 1011 of the MPC, 53 P.S. §11011, a means through which the courts of the Commonwealth could control any unreasonable dilatory tactics by a municipality. In pertinent part, section 1011(2) of the MPC states:
“The court shall retain jurisdiction of the appeal during the pendency of any such further proceedings and may, upon motion of the landowner, issue such supplementary orders as it deems necessary to protect the rights of the landowner as declared in its opinion and order.”
*661 When the lower court, on February 14, 1972, directed the Township to process Abels’ application, it did so as a result of an appeal properly taken. When this Court affirmed that order of the court below and remanded the matter, the court below did not lose its continuing jurisdiction over the matter. Therefore, when the court removed the record from the governing body, it did so, as it stated, under the provisions of section 1011 of the MPC. All of the reasons for the removal are stated in its persuasive opinion of December 10, 1973. The record supports the court’s conclusion, in its order of December 10, 1973, that the Township’s actions prior to May 11, 1973, were delaying tactics, the sum of which amounted to a manifest abuse of discretion. In summary of this point, we hold that the court below did not abuse its discretion in determining that the Township was intentionally delaying the Abels’ application, and, under these unusual circumstances, we hold that the .court did not commit an error of law in ordering the removal of the record to the court for further hearings to complete the record for the purpose of carrying out the legislative intent of the MPC.
The Abels’ motion to quash the Township’s appeal from the order of December 10, 1973, alleges that the order was interlocutory. We do not agree. The order of December 10, 1973 was a final and appealable order insofar as the grant of preliminary approval of the Abels’ PRD was concerned. The fact that the lower court specifically noted that it was retaining jurisdiction for further proceedings does not negate the fact that the order was a final and appealable disposition of the Abels’ application for preliminary approval.
We turn now to the merits of the Township’s appeals. The Township contends that the lower court abused its discretion by granting preliminary approval for the Abels’ proposal in its December 10, 1973 order, and by granting final approval, subject to certain conditions, in its December 4, 1974 order. The Township contends that *662 the record does not support either of the lower court’s decisions.
In this matter, since the lower court took additional testimony and received additional evidence in both cases, our scope of review is to determine whether or not the court abused its discretion or committed an error of law. See Township of Neville v. Exxon Corporation and Neville Land Company, 14 Pa. Commonwealth Ct. 225, 322 A.2d 144 (1974).
We have carefully reviewed this long record and conclude that there is substantial evidence to support the lower court’s grant of both preliminary and final approval for Abels’ proposed PRD. The record discloses that the experts presented by the Township did not agree with the experts presented by the Abels. As appellate courts have said so many times, where there is a conflict in the testimony, it is the task of the finder of fact, here the court below, to resolve the conflict.
The Township also argues that the application for final approval violates the Township’s comprehensive plan. We considered the same argument in Doran Investments v. Muhlenberg Township Board of Commissioners, 10 Pa. Commonwealth Ct. 143, 153-154, 309 A.2d 450, 456 (1973), where we stated:
“The provision [sic] of Ordinance No. 106 and of Section 703 of the MPC, 53 P.S. §10703, that the ordinance and every application for approval of a planned residential development 'shall be based on and interpreted in relation to the comprehensive plan,' do not mean that the ordinance and such application are to be controlled by the comprehensive plan. Such an interpretation would give the comprehensive plan a force and effect that it simply does not possess under Pennsylvania law. As Village 2 at New Hope [429 Pa. 626, 241 A.2d 81 (1968)] teaches, Ordinance No. 106 can be taken as amending the comprehensive plan.”
Once again we mention that as we view Article VII. of the MPC, it was the Legislature’s intent to liberalize *663 zoning regulations as they apply to these large planned residential developments. Rather than to restrict such development on a case-by-case basis for each building, the Legislature clearly intends to make it easier for a land developer to present a large-package development, because the Legislature believed that such developments would be beneficial to the people of the Commonwealth. Our reading of the record in this case permits us to conclude that the court below did not abuse its discretion or commit an error of law in approving Abels’ applications for preliminary and final approval of their proposed PRD.
In summary, as a result of the above discussion, we deny the Abels’ motion to quash the Township’s appeal from the lower court’s order of December 10, 1973, but we affirm, in their entireties, the orders of the lower court, dated December 10, 1973 and December 4, 1974.