551 A.2d 1

Board of Commissioners of The Township of Lower Merion, Appellant *v.* Appaloosa Development Corporation and Albert F. W. Vick and Edith F. Vick, his wife, Appellees.

Argued September 16, 1988, before Judges COLINS and SMITH, and Senior Judge KALISH, sitting as a panel of three.

414

*Gilbert P. High, Jr., High, Swartz, Roberts & Seidel,* for appellant.

*Thomas J. Burke, Sr., Haws & Burke,* for appellees.

OPINION BY SENIOR JUDGE KALISH, December 2, 1988:

Appellant, the Board of Commissioners of the Township of Lower Merion, (Board), appeals from an order of the Common Pleas Court of Montgomery County, which granted a motion for judgment on the pleadings in favor of Appaloosa Development Corporation, Albert Vick, and Edith Vick (appellees).

Appellees own a tract of land in Lower Merion Township, Montgomery County (Township). In November, 1985, appellees submitted to the Township for approval, a plan of Planned Residential Development (P.R.D.). The plan was reviewed by the Township Land Development Committee at its meeting on December 6, 1985, and subsequent revisions were made. On November 14, 1986, appellees filed an application with the Board, seeking tentative approval of their plan pursuant

to Article VII of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10701-10711. The Board held public hearings concerning the application, concluding on May 27, 1987.

On July 15, 1987, less than sixty days following the last hearing date, the Board voted to deny appellees' plan. Nothing in writing was signed by any member of the Board, nor was anything in writing sent to appellees. The vote to deny was based on a draft memorandum presented to the Board by the Board solicitor.

On July 28, 1987, sixty-two days from the Board's final public hearing, a decision was issued denying appellees' application. The decision was signed by the Board president and was filed in the Board's office. On the same day a copy was given to appellees' representative. On July 30, 1987, sixty-four days after the last public hearing, certified copies of the memorandum were delivered to appellees' counsel.

On August 25, 1987, appellees filed this action in mandamus, seeking tentative approval of their P.R.D. on the grounds that the Board failed to act within the sixty day limit specified in sections 709 and 710 of the MPC, 53 P.S. §§10709 and 10710. Following the Board's answer, appellees motioned for judgment on the pleadings.

The trial court granted appellees' motion, concluding that sections 709 and 710 of the MPC require that, within sixty days of the last meeting of the governing body on a P.R.D. application, such body shall "by official written communication" to the landowner grant approval. Because of the failure to fulfill this requirement, there was a deemed approval of the plan.

When reviewing the trial court's grant of a motion for judgment on the pleadings, our scope of review is limited to determining whether there has been an error

of law or abuse of discretion. *Agostine v. School District of Philadelphia,* 106 Pa. Commonwealth Ct. 492, 527 A.2d 193 (1987).

Section 709(a) of the MPC provides:

The governing body, within sixty days following the conclusion of the public hearing . . . , shall, by official written communication, to the landowner, either: (1) Grant tentative approval of the development plan as submitted; (2) Grant tentative approval subject to specified conditions not included in the development plan as submitted; or (3) Deny tentative approval . . . . Failure to so act within said period shall be deemed to be a grant of tentative approval of the development plan as submitted.

Section 710(a) of the MPC provides:

The official written communication . . . shall be certified by the secretary . . . of the governing body and shall be filed in his office, and a certified copy shall be mailed to the landowner.

The Board contends that the review of the plan is of a bifurcated nature, that is, under section 709(a) of the MPC, the Board is required only to adopt an official written communication within sixty days from the date of the last meeting, but that under section 710 of the MPC, this written communication need only be communicated to the landowner within a reasonable time after the sixty days. The Board contends that the vote on July 15, 1987, denying appellees' P.R.D. application, was the adoption of an official written communication within the sixty day period. This written communication was certified and transmitted to the landowner within a reasonable time, not necessarily within the sixty day time period enumerated in section 709(a) of the MPC.

When sections 709 and 710 of the MPC are read together it becomes obvious that the plain meaning of the sections mandates that written communication shall be certified, filed and sent to the landowner, all within the sixty day period. The failure to do so shall be deemed approval. The word "shall" in a statute is generally considered as mandatory. *In the Matter of Columbia Borough, Appeal of Hartman,* 24 Pa. Commonwealth Ct. 190, 354 A.2d 277 (1976).

If the legislature intended a procedure as argued by the Board, it could have provided for such a procedure. In fact, it does so provide in section 508, which deals with application for approval of a plot other than *those governed by Article VII.* It thus becomes clear that in section 508 matters, the legislature intended a bifurcated process with different time limits. Sections 709 and 710 of the MPC evidence no such intent. In fact, as the MPC sets forth in section 701, the intent was to discourage undue delays in planned residential development.

> A reading of Article VII of the MPC, 53 P.S. §10701 et seq., makes it clear that the Legislature was quite aware of the reluctance on the part of governing bodies of some of the municipalities in the Commonwealth to approve land use developments, such as PRD, and that the Legislature intended the procedures set forth in Article VII to be an expeditious method for processing applications for such large developments.

*Township of Middletown v. Abel,* 19 Pa. Commonwealth Ct. 651, 658, 340 A.2d 647, 651 (1975).

Since there are no material facts in dispute, the trial court properly granted appellees' motion for judgment on the pleadings. *Vogel v. Berkley,* 354 Pa. Superior Ct. 291, 511 A.2d 878 (1986).

Accordingly, we affirm.

## ORDER

NOW, December 2, 1988, the order of the Court of Common Pleas of Montgomery County, No. 87-12472, is affirmed.

Judge MACPHAIL did not participate in the decision in this case.