Drenkhahn, Appellant, *v.* Philadelphia Title
Insurance Company.

Argued April 29, 1960. Before JONES, C. J., BELL,
JONES, COHEN, BOK and EAGEN, JJ.

reargument refused January 18, 1961.

*Herman P. Abramson,* with him *Samuel Kravitz,*
and *Ronald I. Kravitz,* for appellants.

*Daniel Marcu,* with him *Howard Saul Marcu,* and
*Marcu, Marcu & Marcu,* for appellee.

OPINION BY MR. JUSTICE BELL, December 1, 1960:
Plaintiffs, who are the owners of a parcel of ground
in Bucks County, obtained a construction mortgage
loan from the Philadelphia Title Insurance Company.
The construction mortgage was in the amount of $14,-

000, which was deposited by plaintiffs with the defend-ant to be distributed and disbursed by defendant to plaintiffs or, at defendant's option, to any contractor, sub-contractor or material man in accordance with the provisions of a construction loan agreement duly exe-cuted by the parties. The lengthy loan agreement cov-ered 25 printed pages and contained many of the usual provisions for such a loan, including a provision for the payment by defendant from time to time of moneys for work actually done or performed and material ac-tually furnished and delivered in and about the erec-tion and construction of a 1½ story cinder block dwell-ing.

Plaintiffs alleged in their complaint that work and material in the sum of $5,361.77 was not done and furnished *to finish and complete the building,* and this sum, plus punitive damages, was demanded. The com-plaint was based upon an alleged breach of the con-struction loan agreement which was attached to the complaint and provided, inter alia: ". . . the party of the second part [defendant] shall be *the sole judge* as to when the parties of the first part shall be entitled under this Agreement to receive any installment pro-vided to be paid upon such respective stage of comple-tion."*

The lower Court sustained preliminary objections in the nature of a demurrer. Notwithstanding plain-tiffs' denial, we are convinced, as was the lower Court, that plaintiffs' claim is based upon the theory that the written agreement was a completion agreement with a guarantee that the building could and would be com-pleted for $14,000. On the contrary, the agreement was not a completion agreement but a construction loan agreement which cannot be distorted to have any other meaning.

---

* Italics, ours.

140

Plaintiffs' averments that defendant carelessly, negligently and wantonly distributed plaintiffs' mortgage money for work and labor which was not done and finished, viz., work, labor and material which were *necessary to complete the building,* are merely conclusions which are deduced from an erroneous interpretation of the agreement and are unsupported by the facts which are set forth in the complaint. We are convinced that plaintiffs have misconstrued the agreement and that there is no merit in any of their contentions.

Judgment affirmed.

———

DISSENTING OPINION BY MR. CHIEF JUSTICE JONES:

The complaint in this case states, inter alia, a cause of action for breach of contract through the alleged mis-disbursement by the defendant of the money which it had undertaken to loan the plaintiffs. In that situation, a summary judgment for the defendant on preliminary objections could not be properly entered. The fact that the plaintiffs pleaded an incorrect measure of damages did not destroy the indicated cause of action pleaded.

Mr. Justice COHEN joins in this dissent.