## Clancy, Admx. v. Wileczek et al.

*Dechert, Price & Rhoads*, for plaintiff.
*James Paul Dornberger*, for defendant.

GUARINO, *J.*, December 12, 1974—This matter comes before the court on preliminary objections of one of two defendants in the nature of a demurrer.

Pa. R.C.P. 1017(b) (3) permits raising of preliminary objection in the nature of a demurrer, in limine, to test the legal sufficiency of plaintiff's cause of action: Balsbaugh v. Rowland, 447 Pa. 423. The complaint is in trespass for recovery of damages for death of plaintiff's decedent, under the wrongful death and survival statutes, against defendants, James J. Wileczek and Theresa Battestelli. It is alleged that decedent was a passenger in the automobile owned by defendant Battestelli and at the time of the accident, operated by defendant Wileczek.

For the purpose of the demurrer, all facts which have been well pleaded and all logical inferences drawn therefrom, are taken as true. But, the demurrer does not admit conclusions of law or unwarranted inferences: Hexter v. Haverford Twp., 169 Pa. Superior Ct. 168; Byers v. Ward, 368 Pa. 416; Narehood v. Pearson, 374 Pa. 299.

The determination of the sufficiency of a pleading depends on the facts alleged as measured by the substantive principles. It is the mandate of the rules that the facts averred must be stated in concise and summary form: Pa. R.C.P. 1019(a); Line Lexington Lumber & Millwork Co., Inc. v. Penn. Publishing Corp., 451 Pa. 154. This requirement assumes facts which are sufficient in law to consti-

tute a cause of action: Gross v. United Engineers & Constructors, Inc., 224 Pa. Superior Ct. 233.

Resorting first to the facts pleaded in the survival and wrongful death actions against Battestelli, the complaint alleges the negligence to be:

"(a) in negligently placing the keys to her automobile in a place where they were easily available to unauthorized persons, when it was reasonably foreseeable that the automobile might be borrowed or stolen by an unauthorized person;

"(b) in failing to take proper and adequate precautions against unpermitted use of her automobile when, under the circumstances, it was reasonably foreseeable that it would be taken by an incompetent or careless driver;

"(c) in failing to anticipate and guard against the unauthorized operation of her automobile by defendant, James J. Wileczek, thereby encouraging him to engage in an activity which was under her control, when she knew or should have known that he intended or was likely to operate said automobile for his own purposes;

"(d) in failing to exercise ordinary care under the circumstances to prevent or discover the danger to plaintiff when she knew or should have known that the automobile would be operated by an unauthorized person in such a manner as to create unreasonable risk of harm to others, including plaintiff's decedent;

"(e) in failing to take necessary precautions to assure that her automobile would not be possessed by someone without the right to have it when she knew or should have known of the probable danger of resulting injury consequent thereto;

"(f) in maintaining said automobile without due

regard for the safety, rights and well-being of others, including plaintiff's decedent; and

"(g) failing to exercise reasonable care under the circumstances."

Distilling the facts, excluding the conclusory averments from these allegations, the material facts are reduced to the fact that Battestelli left the car keys at an accessible place and did nothing to prevent the car from being stolen or borrowed by the other defendant, who she knew might operate the automobile for his own purpose, or other persons.

Allegations of negligence or carelessness are conclusions not admitted by the demurrer: P.R.T. Co. v. King, 110 Pa. Superior Ct. 475. Such an allegation unsupported by factual data is insufficient to sustain a claim: Drenkhahn v. Phila. Title Ins. Co., 402 Pa. 138. To sustain a cause of action, the pleader must set forth facts on which claim is based in concise and summary form: Pa. R.C.P. 1019(a), from which a clear inference of negligence can be drawn: Line Lexington Lumber & Millwork Co., Inc. v. Penn. Publishing Corp., supra.

What the complaint against defendant Battestelli lacks is specific allegations of facts that the keys to the car and the car were left unattended at a place where reckless drivers were likely to obtain the key and the car without right and that defendant knew or should have known this.[1] See Anderson v. Bushong Pontiac, 404 Pa. 382; Liney v. Chestnut Motors, Inc., 421 Pa. 26; Glass v. Freeman, 430 Pa. 21. The allegation that defendant, Battestelli, knew that defendant Wileczek would take the car

1. Knowledge—a mental element when pleaded as a fact, may be stated generally: Pa. R.C.P. 1019(b).

without authorization, in the absence of knowledge that he would also operate it recklessly, is legally inoperative. Nor does the conclusion that it was foreseeable that it (the car) would be taken by an incompetent or careless driver supply the deficiency. It is tautological to say that defendant was negligent because she was negligent, i.e., because it was foreseeable that the unspecified conduct would result in injury to another.

## ORDER

Accordingly, I sustain the demurrer to the complaint filed against defendant, Battestelli. Plaintiff is given 20 days to file an amended complaint.