Edna Lewison, Mattie Giles, Cornelia Mosley and Helen Wall, Plaintiffs *v.* Louis P. Vitti, Commissioner of Professional and Occupational Affairs, and Commonwealth of Pennsylvania, c/o Secretary of the Commonwealth, Defendants.

Submitted on briefs, February 2, 1976, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Morton Krase,* for plaintiffs.

*Edward I. Steckel,* Attorney General, with him *Robert P. Kane,* Attorney General, for defendants.

OPINION BY JUDGE CRUMLISH, JR., April 14, 1976:

Plaintiffs[1] initiated this litigation in this Court by seeking a mandatory injunction against Louis P. Vitti, Commissioner of Professional and Occupational Affairs (Commissioner) directing him to issue licenses to Plaintiffs without examination pursuant to the Practical Nurse Law, 63 P.S. §651 et seq.[2], and the Professional Nursing Law, 63 P.S. §211 et seq.[3] The complaint alleged that each of the Plaintiffs had successfully completed *nursing courses* and had presented her *credentials* to the Commissioner for review prior to licensure. The nature of the courses and credentials was not specified, nor were the

---

1. Plaintiffs are Edna Lewison, Mattie Giles, Cornelia Mosley and Helen Wall.

2. Act of March 2, 1956, P.L. (1955) 1211, *as amended,* 63 P.S. §651 et seq.

3. Act of May 22, 1951, P.L. 317, *as amended,* 63 P.S. §211 et seq. Edna Lewison, Mattie Giles and Cornelia Mosley seek practical nurse licenses while Helen Wall seeks her license pursuant to the Professional Nurse Law.

dates of attendance and completion of these courses averred.

Commissioner filed preliminary objections to the complaint contending, *inter alia,* that Plaintiffs had failed to plead the statutory prerequisites in the Practical Nurse Law and Professional Nursing Law, upon which they base their right to licensure without examination. Defendants also objected because a necessary party, the State Board of Nurse Examiners (Board), which reviews the qualifications of each applicant, has not been joined.

In a prior opinion disposing of these objections, we dismissed the complaint without prejudice, with leave to amend so that Plaintiffs could, with care, enumerate these defects in the pleading.

Presently before us is the amended complaint to which Commissioner (and Board[4]) have again filed preliminary objections. Briefly stated, these reinstituted objections contend that Plaintiffs' amended complaint is deficient because it again fails to recite the conditions precedent to licensure, and as such, did not follow our order to amend "in a manner not inconsistent with the above opinion."

We agree and sustain Defendant's preliminary objections and dismiss the amended complaint.

In occupations requiring scientific or technical knowledge, applicants are often required to take and pass an examination as a prerequisite to engaging in such activities. There are, however, often statutory provisions which expressly exempt specified classes of persons from the necessity of taking the examination for the license. The Practical Nurse Law and the Professional Nursing Law are two examples of laws containing provisions exempting applicants from examination if certain preconditions are met.

---

4. The State Board of Nurse Examiners was joined as a defendant by Plaintiffs in response to our first opinion's Order directing them to do so.

Sections 2 and 3 of the Act of January 13, 1966, P.L. (1965) 1295 (as found in the Historical Note of 63 P.S. §652), read in pertinent part:

"Section 2. During the periods hereinafter designated, the board [State Board of Nurse Examiners] may license without examination the following persons:

"(1) *An applicant* who has met the requirements herein as to age, character and citizenship and *who is a graduate or had graduated, on or before ninety (90) days following the effective date of this act, of or from a school of practical nursing in Pennsylvania approved by the board, provided that application for such licensure shall be filed with the board not later than ninety (90) days following the effective date of this act.*

"(2) *An applicant* who has met the requirements herein as to age, character and citizenship and who has submitted proof satisfactory to the board that he has *engaged actively in the practice of practical nursing,* as herein defined, for a *period of not less than three (3) years, of which one (1) year must have taken place within a period of two (2) years prior to the effective date of this act. Applications for such licensure must be filed with the board within ninety (90) days following the effective date of this act.*

"Section 3. This act shall take effect in thirty days . . ." (Emphasis added.)

In order for applicants, who had completed the practical nursing program in Pennsylvania (as three of Plaintiffs allege they had done), to receive a practical nurse's license without examination, they would have had to meet the above cited prerequisites. While some of the qualifications are subject to the discretion of the licensing authority, such as character, the bulk of the requirements are not. It is clear that the applicant would have had to be a graduate from a school of practical nursing approved by

the board *and* to have filed an application within ninety (90) days after the effective date of the Act (*i.e.,* between February 12, 1966 and May 13, 1966). For those applicants who had actively engaged in practical nursing, the Act required at least three (3) years' experience, of which one (1) year had to have taken place within a period of two (2) years prior to February 12, 1966. Those applicants were also required to file their applications before May 13, 1966.

Three of the Plaintiffs merely allege in their amended complaint, as in their original complaint, that they presented to Commissioner their "credentials" evidencing successful completion of a nursing program; that they "timely" requested practical nurses' licenses without examination; and, that they were denied. Other than stating the year of graduation and the name of the nursing school, these Plaintiffs have failed to include specific and material facts showing that they met the requirements as described in the preceding paragraphs. Plaintiffs must plead either they had the requisite nursing experience and applied within the proper time frame or, alternately, they had graduated from an approved school and applied within the prescribed time frame.

The Professional Nursing Law, like the Practical Nurse Law, also contains a statutory provision which allowed graduates of Pennsylvania nursing schools to receive licensure without examination. Section 7(d) of the Law, 63 P.S. §217(d), reads in its entirety:

(d)  The Board [State Board of Nurse Examiners] may license persons without examination, providing such persons are *graduates or have graduated, prior to the effective date of this act, of or from approved schools of nursing or of organized courses of nursing study in hospitals or schools of nursing in Pennsylvania* or any other state, territory or province of the United States or the Dominion of Canada, which school or course, at the time of graduation of such persons, required the satisfactory completion of a

course *considered by the Board to be equivalent to the minimum requirements* then in effect in Pennsylvania for the preparation of registered nurses; and *providing further,* that *application* for such licensure shall be *filed with the Board by such persons on or before the thirtieth day of September, one thousand nine hundred and fifty-two.*" (Emphasis added.)

As in the previously referenced portion of Plaintiffs' complaint, the remaining Plaintiff has also limited her complaint to merely reciting that she presented to Commissioner her "credentials" evidencing completion of a nursing program; that she "timely" requested licensure without examination; and, that she was denied. Other than stating the year of graduation and the name of the nursing school, she too failed to aver specific and material facts showing that she met the prerequisites of the section.

Capsulizing, Plaintiffs' amended complaint still fails to sufficiently plead the conditions precedent to licensure without examination contained in the two acts, in that it fails to reflect that Plaintiffs applied within the required time periods, that the schools attended where approved, and that they met the requisite experience provisions.

In dismissing the complaint without prejudice, our previous opinion allowed amendment for the very elements which are now not pleaded in the amended complaint. In no way can this amendment be said to be consistent with our previous direction, and as such, we must sustain Defendants' preliminary objections to the amended complaint and dismiss it. We therefore

## ORDER

AND NOW, this 14th day of April, 1976, upon consideration of Defendants' preliminary objections to the amended complaint in mandamus, the preliminary objections are hereby sustained and the amended complaint is dismissed.