295 Pa. Superior Ct. 319 (1982)
441 A.2d 1252
Kathryn Elaine McKINNEY a/k/a Elaine Kratz, Appellant,
v.
STATE FARM MUTUAL AUTO INSURANCE COMPANY and Pennsylvania Automobile Insurance Plan.
Superior Court of Pennsylvania.
Submitted March 11, 1981.
Filed February 19, 1982.
*320 D. Bruce Cahilly, Coudersport, for appellant.
Priscilla M. Walrath, Wellsboro, for State Farm, appellee.
William J. Kubiak, Bradford, for Pennsylvania Auto., appellee.
Before HESTER, ROWLEY and MONTGOMERY, JJ.
HESTER, Judge:
Kathryn Elaine McKinney, the plaintiff below, has appealed an Order of the Court of Common Pleas of Potter County, dated September 11, 1980, sustaining the preliminary objections of both appellees and dismissing her second amended complaint, with prejudice.[1]
*321 On March 31, 1977, appellant contacted Coudersport Insuring Company, Inc. to procure automobile insurance, as required by Section 104(a) of the Pennsylvania No-Fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176, as amended, 40 P.S. Section 1009.104(a). An application for No-Fault Motor Vehicle Insurance was prepared by Coudersport and signed by appellant on April 4, 1977.
Coudersport forwarded the application to appellee, Pennsylvania Automobile Insurance Plan (hereinafter referred to as "The Plan").
In response to said application, the Plan assigned the policy to appellee State Farm Mutual Auto Insurance Company effective April 7, 1977. State Farm did issue a policy of insurance, effective from April 7, 1977 through April 7, 1978.
Appellant, while operating her motor vehicle, was involved in an accident on April 6, 1977, as a result of which she allegedly incurred certain medical expenses which, admittedly, would be covered by No-Fault Motor Vehicle Insurance if such insurance was in effect at the time of the accident.
A Writ of Summons in Assumpsit was issued on July 5, 1978, on behalf of the appellant. On September 8, 1978, a Rule to file a complaint was served on the appellant. Appellant's original complaint in assumpsit was filed on January 31, 1980. The original complaint alleges that Coudersport prepared the application for insurance, at appellant's request, and appellant made an initial payment in the amount of $25.00, payable to the Plan.
The original complaint further alleges that, "The Plaintiff then proceeded with a copy of the application for insurance which included inter alia a typed paragraph in bold face, red ink, entitled `Evidence of Insurance and Effective Date of Coverage' as proof of insurance coverage, to the District Magistrate's Office whereupon application for a temporary registration was made and obtained immediately."
*322 Said original complaint continued, "That under the rules and regulations of the Pennsylvania Automobile Insurance Plan, Section 12, entitled `Designations of Company', photocopy of which is marked Exhibit "F" and attached hereto and incorporated herein by reference, the effective date of the insurance coverage for the plaintiff should have been 12:01 A.M. `on the day following the date of the mailing of the application to the Plan' or April 5th, 1977 at 12:01 A.M."
Said original complaint concluded that, as a result of "the negligence and/or breach of contract" of the appellees, the appellant claimed damages to her automobile, reimbursement for medical expenses incurred by herself and her six passengers and attorneys fees in the amount of $1,500.
Following the filing of preliminary objections to the original complaint, appellant filed a first amended complaint in assumpsit on May 16, 1980, which incorporated the original complaint and further alleged that Coudersport was the duly authorized agent of the appellees.[2] The amended complaint further alleged that the application for insurance, ". . . gave Plaintiff certain guarantees and afforded certain protections, among which was effective automobile insurance coverage as shown in said contract for a period not to exceed 30 days or until the actual issuance of a policy of insurance applied for, whichever occurs first." The first amended complaint further alleged that the Plan was "negligent" in failing to adhere to its own rules and regulations ". . . thus resulting in a breach of said Defendant's contract with the Plaintiff". The first amended complaint finally demanded payment to the plaintiff pursuant to the "uninsured motorist coverage" specified by the application for insurance.
Preliminary objections to the first amended complaint in assumpsit were filed by both appellees. Thereafter, on July 11, 1980, appellant filed a second amended complaint, for the first time alleging both a trespass and assumpsit action, whereby the appellant incorporated by reference all of the paragraphs of the original complaint and first amended *323 complaint into both Count I in Assumpsit and Count II in Trespass.
Appellees filed preliminary objections to the second amended complaint in the nature of a Motion to Strike for Failure to Comply with Pennsylvania Rule of Civil Procedure 1020(d)(1), and in the nature of a demurrer, which were sustained by the lower court, with prejudice.
On appeal, appellant has abandoned her claims for damages to her automobile, for reimbursement of medical expenses on behalf of her six passengers, for uninsured motorist coverage and for attorneys fees.[3] Although appellant only seeks, on appeal, to prove her entitlement to reimbursement for her medical expenses resulting from the April 6, 1977 accident, appellant continues to contend that she has stated valid causes of action in both assumpsit and trespass. Furthermore, there is nothing in the record before us which indicates that plaintiff ever sought leave to amend her second amended complaint. Nor does appellant assert in her brief that the lower court abused its discretion in not allowing her a further opportunity to amend.
Under these circumstances, we hold that the lower court did not abuse its discretion in dismissing the second amended complaint, with prejudice, and, therefore, we affirm the lower court's order.
It is clear that appellant's second amended complaint violates Pennsylvania Rule of Civil Procedure 1020(d)(1) which states:
"If a transaction or occurrence or a series of transactions or occurrences gives rise to causes of action in assumpsit and trespass against the same person, including causes of action in the alternative, they shall be joined in an action against any such person in separate count. Each count shall specify whether because of action therein is in assumpsit or trespass, shall state that cause of action *324 and any special damages relating thereto and shall demand the relief sought. . . ."
By simply incorporating all of the averments of the original complaint and first amended complaint into two separate counts, one in trespass and one in assumpsit, appellant impermissibly intermingled the allegations necessary to support each separate cause of action. Certainly, the allegations necessary to support a cause of action in assumpsit do not also support a cause of action in trespass. Appellant attempted to amend her complaint to include a count in trespass after the statute of limitations had run, which is clearly impermissible, Shenandoah Borough v. Philadelphia, 367 Pa. 180, 189-90, 79 A.2d 433, 438 (1951); Laursen v. General Hospital of Monroe County, 494 Pa. 238, 243-44, 431 A.2d 237, 240 (1981). Furthermore, there are no allegations in any of the three complaints concerning any duty of care owed to the appellant or any breach of that duty by appellees. An allegation of negligence without facts to support that allegation is insufficient to support a cause of action in trespass. Drenkhahn v. Philadelphia Title Insurance Company, 402 Pa. 138, 139-40, 166 A.2d 495, 496 (1961).
The three complaints demanded recovery for damages which were not supported by an allegation. On appeal, appellant has abandoned her claim for recovery, except for reimbursement of her medical expenses. The lower court could have ignored these "impertinent" matters as "mere surplusage" and stricken these requests for damages, pursuant to Pa.R.C.P. 1017(b)(2). However, their inclusion in all three complaints supports the ultimate exercise of discretion by the lower court.
Concerning the demurrer to the assumpsit count, it is axiomatic that a demurrer admits all well-pleaded facts in the complaint, and all inferences fairly deductable therefrom. Bogash v. Elkins, 405 Pa. 437, 176 A.2d 677 (1962); Speck v. Finegold, 268 Pa.Super. 342, 353, 408 A.2d 496, 501 (1979); Gekas v. Shapp, 469 Pa. 1, 364 A.2d 691 (1976). However, due to appellant's violation of Pa.R.C.P. 1020(d)(1), *325 none of the facts in the second amended complaint are "well-pleaded".
Accordingly, we do not reach the issue as to whether appellant stated a valid cause of action in assumpsit against the appellees or whether appellant would have reasonably been able to state a cause of action in assumpsit, by further amendment.
In Otto v. American Mutual Insurance Company, 482 Pa. 202, 393 A.2d 450 (1978), our Supreme Court reversed a decision of this Court at 241 Pa.Super. 423, 361 A.2d 815 (1976), by allowing the appellants to amend their cause of action in trespass to avoid a demurrer. The Supreme Court agreed with this Court that the initial complaint failed to state a cause of action but, "The right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully. Pa.R.C.P. 1033". 482 Pa. 205, 393 A.2d at 451.
In Otto, the lower court concluded that the initial complaint failed to state a cause of action and, therefore, dismissed the complaint with prejudice. We affirmed ". . . because the plaintiffs did not seek, from the court below, leave to amend their complaint . . ." 241 Pa.Super. 428, 361 A.2d at 818.
Clearly, the instant case is distinguishable from Otto in that the appellant has already filed three complaints and has not requested leave to amend in the court below. Furthermore, appellant does not request leave to file a further amended complaint on appeal. Under these circumstances, we hold that the lower court did not abuse its discretion in dismissing the complaint with prejudice. Nationwide Mutual Insurance Company v. Barbera, 443 Pa. 93, 277 A.2d 821 (1971); Eastgate Enterprises, Inc. v. Bank and Trust Company, 236 Pa.Super. 503, 345 A.2d 279 (1975); Lewison v. Vitti, 24 Pa.Cmwlth. 331, 356 A.2d 844 (1976); Behrend v. Yellow Cab Company, 441 Pa. 105, 271 A.2d 241 (1970).
Order Affirmed.
NOTES
[1] An Order sustaining preliminary objections in the nature of a demurrer and dismissing the complaint is a final order and, therefore, appealable. J.A. & W.A. Hess, Inc. v. Hazle Township, 465 Pa. 465, 471, 350 A.2d 858, 861 (1976); Otto v. American Mutual Insurance Company, 482 Pa. 202, 204, 393 A.2d 450, 451 (1978).
[2] Coudersport was never named as a defendant in this action.
[3] Plaintiff did not base her claim for attorneys fees on any specific statutory authority. See, e.g. 40 P.S. Section 1009.107 and 42 Pa.C. S.A. Section 2503.