574

## Ervin Industries Inc. v. MCP Facilities Corp.

*Clemson N. Page Jr.,* for petitioner.
*Henry S. Perkin,* for plaintiff.
*Christopher W. Gittenger,* for defendants.

MORAN, *J.,* July 21, 1987—This matter comes before the court on the preliminary objections of respondent MCP Facilities Corporation to the petition to intervene of Ervin Industries Inc. The preliminary objections are in the nature of a demurrer and a motion to strike, pursuant to Pa. R.C.P. 1017(b). Briefs and memoranda of law have been submitted by counsel.

Petitioner Ervin Industries Inc. supplied certain materials and supplies to respondent MCP Facilities Corporation and avers that petitioner has not been paid. Petitioner further avers that certain assets of respondent have been sold during the course of certain legal proceedings and the excess proceeds from that sale have been paid into court. Petitioner is seeking to intervene in the action to attempt to satisfy from these court-held funds the debt averred to be due and owing from respondent.

The preliminary objections raised by respondent are based on the fact that petitioner does not have a judgment against respondent and has not even filed a complaint for relief against respondent.

In ruling upon a demurrer, the court must assume that all factual averments in the complaint, and all reasonable inferences therefrom, are true. *McKinney v. State Farm Mutual Insurance Co.*, 295 Pa. Super. 319, 441 A.2d 1252 (1982). For the demurrer to be sustained, it must clearly appear from these facts and inferences that the law will not permit recovery. *Niebauer v. Center City Solid Waste Authority*, 59 Pa. Commw. 264, 429 A.2d 1210 (1981). Conclusions of law and unjustified inferences are not admitted, *Rose v. Wissinger*, 294 Pa. Super. 265, 439 A.2d 1193 (1982), but any doubt as to whether the demurrer should be sustained should be resolved in favor of overruling it. *Modesta v. S. E. Pennsylvania Transportation Authority*, 300 Pa. Super. 6, 445 A.2d 1273 (1982).

The case law in Pennsylvania clearly disfavors demurrers and sustains such objections only in cases which are free from doubt. *Duffee v. Judson*, 251 Pa. Super 406, 380 A.2d 843 (1977). The complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle plaintiff to relief, *Rose v. Wissinger*, supra; *Anderson v. Shaffer*, 39 Pa. Commw. 636, 396 A.2d 91 (1979). Insufficient specificity of pleadings is not ground for demurring to a complaint where sufficient facts are averred so that it cannot be determined that the party has no cause of action. *Hugret v. Foodsales Inc.*, 3 D. & C. 3d 136 (1977).

The court has reviewed all factual averments in the petition to intervene. Petitioner avers a business relationship of supplier and purchaser. Petitioner further avers that certain assets of respondent have been sold and the excess proceeds from that sale have been deposited with the court.

In considering this motion, the court is obliged to assume that all reasonable inferences from the in-

tervention petition are true. The intervention petition incorporates by reference a complaint based on respondent's failure to pay for materials and supplies. Attached as an exhibit to the referenced complaint are copies of invoices from petitioner to respondent.

Respondent argues in its brief that petitioner does not have a judgment against respondent nor has a complaint been filed by petitioner. Petitioner appears ready to remedy this since petitioner asks leave of court to file its complaint. In its supplemental memorandum petitioner compares its status to that of a general unsecured creditor in bankruptcy.

The mere filing of the proposed complaint is not sufficient to obtain the requested relief. A judgment must be entered before a creditor can rely on the court to assist him in the collection of a debt. Generally, unsecured simple contract creditors who have not obtained judgment upon their claims have not the status to appeal to equity for relief. *Deckert v. Independence Shares Corp.*, 27 F. Supp. 763, reversed 108 F.2d 51, cert granted 60 S. Ct. 715, 309 U.S. 648, 84 L. Ed. 1000 and 60 S. Ct. 716, 309 U.S. 648, 84 L. Ed. 1000, reversed 61 S. Ct. 229, 311 U.S. 282, 85 L. Ed. 189 (1939).

The issue before the court is whether this creditor may assert his position to intervene without obtaining a judgment. Petitioner relies specifically on Pa. R.C.P. 2327 (2) which permits a party to intervene when "such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof."

Reviewing the order of court entered on February 27, 1987, this court notes that the gross proceeds of the sale were to be disbursed to seven itemized liens, costs and expenses of the sale. One of the

liens is listed as a "judgment." The net proceeds remaining were to be paid into the prothonotary of Northampton County with three items to be "first paid" from the fund. Those "first paid items" are (1) the amounts required to obtain corporate clearance from MCP from the Commonwealth of Pennsylvania, (2) wages and wage supplements as and when their amounts are finally determined and (3) taxes due.

Having considered petitioner's petition and arguments, as well as the parameters of the court order cited above, this court determines that petitioner does not meet the qualifications of a "person so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof."

Considering all the factual averments and reasonable inferences therefrom, this court concludes that petitioner is presently without the legal status afforded to a judgment creditor.

Wherefore, we enter the following

### ORDER OF COURT

And now, this July 21, 1987, in accordance with the following opinion, respondent's preliminary objections is the form of a demurrer and a motion to strike are granted.

Petitioner's petition to intervene is dismissed.