J-S20013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| FIRST NATIONAL BANK OF OMAHA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| RENEE S. JONES | |
| | No. 970 WDA 2015 |

Appeal from the Order March 27, 2015
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): AR-13-001681

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

JUDGMENT ORDER BY PANELLA, J.                    **FILED MAY 3, 2016**

Appellant, First National Bank of Omaha ("FNBO"), purports to appeal from the May 20, 2015 order that denied reconsideration of the March 27, 2015 order that sustained Appellee, Renee S. Jones's, preliminary objections to FNBO's third amended complaint with prejudice. However, as FNBO concedes, the May 20, 2015 order denying reconsideration was not a final, appealable order. **See** Appellant's Brief, at 7.

In an effort to preserve our jurisdiction to hear this appeal, FNBO argues that the May 20 order has two components: the denial of reconsideration, and the determination that the March 27 order was a final

_____

[*] Retired Senior Judge assigned to the Superior Court.

order. While FNBO makes a creative and valiant argument, we cannot agree, and therefore quash the appeal as untimely.

Where, as here, there are only two parties, an order sustaining preliminary objections with prejudice against the entire complaint is a final, appealable order. *See McKinney v. State Farm Mut. Auto Ins. Co.*, 441 A.2d 1252, at n.1 (Pa. Super. 1982). Once a final order or judgment is entered, an appeal must be filed within 30 days. *Witherspoon v. Wal-Mart Stores, Inc.*, 814 A.2d 1222 (Pa. Super. 2002). In order to preserve the jurisdiction of this Court, an appeal must be filed within 30 days of the date that the trial court clerk enters a notation in the docket that notice of the order was given to the parties. *See PNC Bank, N.A. v. Unknown Heirs*, 929 A.2d 219, 226 (Pa. Super. 2007). The filing of a motion for reconsideration of a final order does not toll the 30 day period; the trial court must expressly grant reconsideration within 30 days to the toll the appeal period. *See id*.

Here, FNBO filed its motion for reconsideration and requested an argument date of May 1, 2015, outside the 30 day appeal period. Thus, when the trial court heard the argument, it properly noted that it was without jurisdiction to grant reconsideration. *See id*. FNBO's argument that the March 27 order was not final until the trial court observed that it was final is simply untrue as a matter of law. Furthermore, FNBO's argument that its second amended complaint was still operative as it did not have

authorization to file the third amended complaint is belied by the record. As just one example of the circumstances evident from the record, Jones did not object to the filing of the third amended complaint on grounds that FNBO did not have authority to file it. We therefore conclude that we lack jurisdiction to entertain this appeal and quash.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2016