Sidney Cohen, Appellant, *v.* John J. Ford, Meade E. Green, Jr., Robert C. Gwin, Carl R. Bricker and N. Ray Fisher, constituting the Township Commissioners of the Township of Hampden, Cumberland County, Pa. and Township of Hampden Planning Commission and Charles Kemberling, Township Manager and Zoning Officer and Joseph R. Flood, et al., Intervenors, Appellees.

Argued February 5, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, MENCER, ROGERS and BLATT. Judge WILKINSON, JR. did not participate.

*Lenard L. Wolffe*, with him *Stanley A. Uhr, Marc D. Brookman, Pechner, Sacks, Dorfman, Rosen & Richardson, John B. Mancke* and *Meyers & Desfor*, for appellant.

*Robert D. Myers*, with him *Myers & Potteiger*, for appellees.

*Jerome T. Foerster*, with him *Richard W. Cleckner* and *Cleckner and Fearen*, for intervening appellees.

OPINION BY JUDGE CRUMLISH, JR., June 3, 1975:

This is an appeal by a landowner from an order of the Court of Common Pleas of Cumberland County which denied, after a jury trial, a writ of mandamus to compel Hampden Township to issue zoning and building permits for a townhouse development proposed by Appellant which use is permitted as a conditional use in an R-1 residential zone of Hampden Township. The lower court ordered approval of Appellant's final subdivision plan as submitted, but refused to order the issuance of building permits because the procedure to be followed to obtain conditional approval under the applicable ordinance was inconsistent with Section 603 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10603 (MPC), and therefore any zoning approval obtained thereunder was invalid.

Because of the relative complexity of the procedural history of this appeal, an extensive recapitulation of the facts is necessary to frame the legal issues presented. Appellant, Sidney Cohen, is the owner of a tract of land in Hampden Township known as "Penn's Grant" which was zoned at the time pertinent to this case "R-1 Residential" under the Hampden Township Zoning Ordinance (Ordinance No. 72). Section 302 of this ordinance permitted multiple family dwellings including apartments and townhouses as a conditional use in an R-1 district

subject to the review and approval of the Hampden Township Planning Commission. On July 18, 1972, Appellant submitted a preliminary plan for subdivision approval of a development of approximately 183 townhouse units within Penn's Grant. On August 17, 1972, the Planning Commission voted unanimously to approve the preliminary plan submitted by Appellant subject to seven conditions relating to site improvements and bonding to be included within the final plan submission. Upon learning of this action and without prior notice to Appellant, however, the Hampden Township Board of Commissioners adopted a "consensus" motion on September 5, 1972, rejecting his subdivision plan and application for conditional use. Appellant was notified of this decision by a letter dated September 6, 1972. He, nevertheless, proceeded to submit final subdivision plans to the Planning Commission on September 28, 1972, together with letters and other materials purporting to comply with the conditions enumerated in the Planning Commission's preliminary approval.

Perhaps sensing the futility of further proceedings before the Township authorities in view of the Board of Commissioners' decision, Appellant instituted a complaint in mandamus, on March 5, 1972, against Hampden Township and the respective members of the Board of Commissioners and Planning Commission to compel final subdivision approval and the issuance of building permits based upon the final developmental plans submitted to the Planning Commission. Although the court ruled that the Board of Commissioners was without power to revoke the Planning Commission's preliminary approval of Appellant's subdivision plans under the ordinance, the complaint was dismissed as premature because it was filed within the sixty day deliberative period which the Planning Commission had been given to act upon a final subdivision plan under section 404-5 of the Township's Subdivision Ordinance (Ordinance No. 14). *Cohen v.*

*Township of Hampden Planning Commission,* 23 Cumb. L.J. 127 (1973). No appeal was taken from this decision.

Appellant thereafter resubmitted his final plans and accompanying material to the Planning Commission which disapproved his "application for conditional use permit and building permit" on April 26, 1973. Although Appellant and his counsel attended the meeting at which this action was taken, no written communication of the decision was ever sent to him. Appellant then instituted the instant mandamus action. Joseph R. and Barbara A. Flood and John J. and Suzanne J. Donatucci (Intervening Appellees herein) intervened in this action as of June 21, 1973. In the ensuing trial, the jury answered 23 special interrogatories based upon stipulations submitted by the parties and the oral evidence adduced. The jury found that Appellant had fulfilled each of the seven conditions established by the Planning Commission for final approval of the development plan, and had either complied with the technical requirements of the subdivision ordinance or these requirements had been waived by the Planning Commission. Based upon these findings and its prior opinion in *Cohen v. Township of Hampden Planning Commission, supra,* the lower court ordered approval and execution of Appellant's final subdivision plan since more than sixty days had elapsed without decision since its submission. As an alternative ground on this point, the Court held that even if the Planning Commission's April 26, 1973, decision was intended as a disapproval of the subdivision plan, no written communication of that decision was sent to Appellant within the five day period required by Section 508 of the MPC, 53 P.S. §10508, and the plan was thus deemed approved. The court again denied Appellant's request for the issuance of a building permit, however, because he had failed to obtain the requisite conditional use approval for a townhouse development. On this point, the court held that Sections 302 and 1201 of Ordinance

No. 72, which purported to grant either the Planning Commission or the Township zoning officer power to approve conditional uses, is inconsistent with Section 603 of the MPC, 53 P.S. §10603 which vests exclusive power to approve conditional uses in the "governing body," or in this case the Board of Commissioners, and thus repealed by Section 103 of the MPC, 53 P.S. §10103. In short, although Section 302 provides for townhouses as a conditional use in an R-1 district, the court held that ordinance failed to provide a *valid* procedure by which Appellant could obtain conditional use approval, thus defeating his right to building permits by the mandamus route. Hence this appeal.

"It is axiomatic that mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or a mandatory duty where there is a clear legal right in plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy (citations omitted). . . . Mandamus does not lie to compel the performance of discretionary acts except where the exercise or non-exercise of discretion is arbitrary, fraudulent, or based upon a mistaken view of the law." *Valley Forge Racing Association, Inc. v. State Horse Racing Commission,* 449 Pa. 292, 295, 297 A.2d 823, 824, 825 (1972); *see also Larson v. Pierce Junior College,* 11 Pa. Commonwealth Ct. 271, 314 A.2d 572 (1973). Since no appeal was taken from that portion of the lower court's order compelling final approval and execution of the subdivision plan, Appellant would be entitled to building permits if either 1) the Planning Commission's August 17, 1972 decision constituted a valid conditional use approval without further action by the Board of Commissioners, or 2) the final subdivision approval encompassed within it all necessary zoning approval under Ordinance No. 72 and the MPC. Because we find neither contention to have merit, we must affirm.

In *Monessen v. Belmar Land Development Co., Inc.,* 2 Pa. Commonwealth Ct. 484, 279 A.2d 365 (1971), this

Court upheld a municipality's zoning ordinance which vested power to approve conditional uses in a planning commission rather than the "governing body" specified by Section 603 of the MPC. Although clearly inconsistent with Section 603, this local procedure was sanctioned by Sections 103 and 620 of the MPC, 53 P.S. §§10103 and 10620, which then saved inconsistent ordinances predating the enactment of the MPC from repeal. The 1972 amendments to the MPC,[1] however, repealed Section 620 and modified Section 103 so that now the terms of the MPC take precedence over and invalidate, to the extent of their inconsistency, all local zoning enactments.

There can be no question that Sections 302 and 1201(2) of Ordinance No. 72 are in conflict with Section 603 of the MPC to the extent of their designation of the local agency or official to pass upon conditional use applications. Section 603 provides municipalities with the option of establishing conditional uses provided that they are "allowed or denied by the *governing body* after recommendations by the planning agency, pursuant to express standards or criteria set forth in the ordinances." (Emphasis added.) As Hampden Township is a township of the first class, the "governing body" specified in Section 603 would be the Board of Commissioners. Section 107(10) of the MPC, 53 P.S. §10107(10). Section 302 of Ordinance No. 72, in contrast, places the review and approval function on applications for multifamily conditional uses in the Planning Commission, "[s]ubject to the procedures outlined in the Planned Development Section" (Article VII). Section 1201, in turn, controls the procedure for obtaining a building permit. Where the application is for other than a permitted use (which would not encompass a conditional use), the applicant must submit an application to the zoning officer who, in turn, refers the application to Planning Commission to determine its harmony with

---

1. Act of June 1, 1972, P.L. 333.

the comprehensive plan. The Planning Commission's "recommendations or findings" must then be submitted to the zoning officer within a specified time for his action on the permit, (presumably in accordance with the Planning Commission's determination). Whether these provisions when read together vest conditional use approval power in the zoning officer, as the lower court concluded, or the Planning Commission, as Section 302 suggests, is immaterial to our inquiry here. In either case, the provisions of the ordinance are in conflict with Section 603 of the MPC and thus repealed by implication. We therefore agree with the lower court that any attempt by Appellant to rely upon the Planning Commission's August 17, 1972 decision as a conditional use zoning approval must fail because such act was *ultra vires* because it exceeded the authority vested in that body by the MPC. *See Philadelphia Presbytery Homes, Inc. v. Abington Board of Commissioners,* 440 Pa. 299, 269 A.2d 871 (1971) ; *Abel v. Township of Middletown,* 7 Pa. Commonwealth Ct. 6, 297 A.2d 525 (1972).

Recognizing the procedural inoperativeness of Sections 302 and 1201, Appellant argues that the Planning Commission, nevertheless, had the power to grant zoning approval for the townhouse development either as an adjunct to its grant of final subdivision approval under Ordinance No. 14, or under Section 702 of the MPC, 53 P.S. §10702, by construing his initial application as for a planned residential development (PRD). As to the first contention, Appellant confuses, or at least attempts to merge, a municipality's power to adopt and enforce a subdivision ordinance with its zoning power. That such powers are distinct, with the exception of the overlap sanctioned by Section 501 of the MPC, 53 P.S. §10501, is evident from their separate treatment in Articles V and VI of the MPC and Ordinances No. 14 and 72 of Hampden Township. Appellant cites *Village 2 at New Hope, Inc. Appeals,* 429 Pa. 626, 241 A.2d 81 (1968),

for the proposition that the subdivision and zoning power may be reposited in a single planning agency. This, of course, could not be disputed if the ordinances and enabling legislation with which we are here dealing so provided. In *Village 2,* the ordinance vested both powers in the planning commission when reviewing planned unit developments (the generic predecessor to a PRD), and the Supreme Court found this integration of functions to be supported by the enabling legislation and desirable to achieve the developmental flexibility envisioned for a planned unit development. Article VII of the MPC now codifies the integration of function approved in *Village 2* by giving a municipality the option of vesting both zoning and subdivision review of PRD applications in one body. Although Hampden Township apparently provides for some form of a PRD subject to review by the Planning Commission under the Planned Development provisions of Article VII, the plan submitted by Appellant does not meet the requirements of Article VII of the MPC for a PRD, and thus the Planning Commission would have been without power to grant zoning approval as the record now stands.

We are in full accord with President Judge SHUG-HART'S able treatment of Appellant's contention that the conditional use application originally submitted was really intended as an application for a PRD:

"This serves only to confuse the issue as §107(14) of the MPC, 53 P.S. §10107(14) clearly defines 'planned residential development' as:

". . . an area of land, controlled by a landowner, to be developed as a single entity for a number of dwelling units, the development plan for which does not correspond . . . to the regulations established in *any one* residential district created, from time to time, under the provisions of a municipal zoning ordinance." (Emphasis added.)

"Certainly, the plaintiff's proposed use of this tract is provided for under Art. VIII of Ordinance No. 72,

the 'A-O Apartment Office District,' which specifically provides for, *inter alia,* single and multiple-family detached and semi-detached dwellings, and 'multiple-family dwellings including apartments and town houses.' The purpose of the 'A-O' district is to provide for harmonious development of apartments, offices, and other uses compatible with high-density housing. Ordinance No. 72, §800. This use district would certainly be classified as a 'residential' district to which the plaintiff's proposed use corresponds. The fact that the plaintiff could, within the bounds of the zoning ordinance, construct town houses *somewhere* within Hampden Township *without requiring modification of the zoning ordinance,* precludes the application of Art. VII of the MPC in the case at bar. See Gettys v. Dillsburg Boro., 85 York L.R. 193, 194 (1972), aff. per curiam 7 Pa. Commonwealth Ct. 519 [300 A. 2d 827] (1973).

"The plaintiff throughout this case followed procedures governed by Art. V and Art. VI of the MPC and at no time attempted to invoke the planned residential development procedures of Art. VII, MPC, and Art. XII, Ordinance No. 72. Article VII of the MPC specifically provides that planned residential development application procedures shall be in lieu of subdivision and zoning procedures set out in Art. V and Art. VI, MPC, §707(6), 53 P.S. §10707(6). Further, the plaintiff did not provide the landowner's written statement required by MPC, §707(5), 53 P.S. §10707(5). Certainly under these circumstances, reference to the planned residential development article of the MPC cannot justify the relief in mandamus sought by the plaintiff. Not only is his contemplated development not a planned residential development within the purview of Art. VII of the MPC, but also the procedures he followed were not in accord with those set out in §707 of the MPC, 53 P.S. §10707.

Under these conditions, the provisions of Art. VII of the MPC cited by the plaintiff are irrelevant to our consideration of this matter." (Emphasis in original.)

Finally, Appellant argues that he followed all of the procedures required by Hampden Township at the time necessary to obtain conditional use approval, and the Township cannot now be heard to object to the validity of the procedures it itself mandated. This contention essentially attacks the standing of the Township to raise the invalidity of its own ordinance. We do not decide that issue here, however, as Appellant overlooks the standing of the Intervening Appellees to raise the issue. The question of the inconsistency of Sections 302 and 1201 of Ordinance No. 72 was raised by the Intervening Appellees' attempted intervention in Appellant's original mandamus action and was preserved by their timely intervention below in the instant action. While this Court is aware of the compelling equities running in favor of Appellant because of the Township's actions, such considerations cannot be reflected upon the rights of the Intervening Appellees who early on put Appellant on notice of their challenge to the procedures utilized by him.

Order affirmed.