In Re: Proposed Tax Compromise and Private Sale of Premises Assessed as 300 Rear Bear Road, Township of Lehigh, County of Lackawanna, State of Pennsylvania, Assessed to J. H. Koch *v.* Berard P. J. Marinucci, Appellant.

Argued April 9, 1976, before Judges KRAMER, WILKINSON, JR., and BLATT, sitting as a panel of three.

*Peter C. Paul,* with him *Ralph P. Carey,* and *Rawle & Henderson,* for appellant.

*Otto P. Robinson, Jr.,* for appellees.

OPINION BY JUDGE BLATT, October 14, 1976:

On May 25, 1933 the General Assembly enacted two statutes, P.L. 1018[1] and P.L. 1019,[2] which provide procedures under which agreements for the sale of property in compromise of taxes may be approved by the courts of common pleas. On October 19, 1973, in accordance with P.L. 1018, Bernard P. J. Marinucci (Marinucci) petitioned the Court of Common Pleas of Lackawanna County to approve his agreement with the County Commissioners to purchase the property known as "300 Rear Bear Road" in full compromise and settlement of all delinquent taxes, interest, and penalities due on the premises. In his petition, Marinucci averred that the County Commissioners had acquired title to the property when they purchased the premises on April 26, 1946, at a county treasurer's sale for the non-payment of taxes. Responding to Marinucci's petition, however, were Otto P. Robinson, Jr., Mott Peck, Jr., and Russell C. Hazelton (Respondents) all of whom denied that the County Commissioners had acquired a valid title to the property in 1946 averring instead, by way of new matter, that they had acquired the valid title by deed from Atlee L. Kaufman on November 19, 1973. According to Respondents, title had passed to Atlee L. Kaufman as the sole surviving heir to W. L. Kaufman, the alleged purchaser of the property at a 1911 county

---

[1] Act of May 25, 1933, P.L. 1018, *as amended,* 72 P.S. §5876 et seq. (P.L. 1018).

[2] Act of May 25, 1933, P.L. 1019, *as amended,* 72 P.S. §5970a et seq. (P.L. 1019).

treasurer's sale. Respondents assert that the tax assessor failed to note the 1911 transfer on his assessment records, as he should have done, and, that the property was also improperly sold at subsequent times without a valid title at numerous tax sales and eventually at the sale of the property to the County Commissioners in 1946.

At the time they filed their answer in the court below, the Respondents also filed a motion there to dismiss Marinucci's petition, asserting that they held superior title and asserting in addition that Marinucci, an alleged stranger to the title, had no authority, under provisions of P.L. 1018, to petition the court to approve his agreement with the County Commissioners. After denials by Marinucci, the court below sitting en banc held oral argument and dismissed Marinucci's petition without taking any evidence. This appeal followed.

While the opinion of the court below discussed, to some extent, the merits of Marinucci's petition and attempted to resolve the factual dispute as to the title to the property in question, the court clearly had no evidence before it with which to make conclusive factual determinations. It dismissed Marinucci's petition, having for the principal reason that P.L. 1018 did not appear to enable Marinucci, a stranger to the title, to petition for approval of tax compromise sales with the County Commissioners. The pertinent provisions of P.L. 1018 provide as follows:

"Whenever the county commissioners of any county have heretofore or shall hereafter purchase any real property at any county treasurer's sale for nonpayment of taxes under any act of Assembly authorizing such sale, and such property has not been redeemed or sold by the county as authorized by law,

*the county commissioners, subject to the approval of the court of common pleas, may, whether or not the period of redemption has expired, agree with the former owner of such property, or his heirs, devisees or anyone, or more of them,* to accept, in compromise of the amount of the taxes, penalties, interest and costs due, any sum less than the whole of such amount so due, *whereupon either the county commissioners or the person with whom such agreement is made may petition the court of common pleas for confirmation of such agreement."* Section 1 of P.L. 1018, 72 P.S. §5876. (Emphasis added.)

It does seem evident that Marinucci is neither the former owner nor an heir or devisee of the property and that the court below properly concluded that he, as a stranger to the title, lacked authority under P.L. 1018 to petition the court for approval of his agreement to purchase the property from the County Commissioners. Moreover, although the other statute referred to above, P.L. 1019, does authorize the court of common pleas to approve agreements of sale between strangers to the title and the County Commissioners, this is allowed only on petition by the County Commissioners themselves and not upon petition of the purchasing stranger. The pertinent provisions of P.L. 1019 provide as follows:

"From and after the passage of this act, *county commissioners be, and they are hereby, authorized to sell at private sale any and all seated and unseated lands purchased by them,* pursuant to existing law, at any county treasurer's sale of seated or unseated lands for the collection of taxes and not redeemed within two years from the date of such sale to the county commissioners, *upon first procuring the approval of such sale by the court of common pleas* of the county in which such lands are situated." Section 1 of P.L. 1019, 72 P.S. §5970a. (Emphasis added.)

P.L. 1019 continues:

*"Upon petition of county commissioners to the proper court of common pleas,* setting forth the date of sale of such lands to the county commissioners, the date when the right of redemption expired and that the right of redemption was not exercised prior to its expiration, a description of the lands sought to be sold, the name of the. proposed purchaser, and the terms of the proposed sale and the amount of taxes and costs accrued against the said lands, the courts shall fix a time for hearing upon said petition, and require ten days' notice thereof to be given by publication in one newspaper of general circulation pubblished in the county wherein such lands are located. In the case of seated lands, the court may also require such additional notice as to it appears proper." Section 2 of P.L. 1019, 72 P.S. §5970b. (Emphasis added.)

Marinucci asks here that the case be remanded to the court below so that the action can be amended to conform to P.L. 1019 and so that the. court can thereupon reach the merits of the case. The record is unclear as to whether or not the County Commissioners will agree to be substituted as petitioners, but it is true that our rules of civil procedure and a long line of case law make it clear that the courts have the power to permit changes in the form of action if the same is necessary for a proper decision of the cause upon its merits. *Bruker v. Carlisle Borough,* 376 Pa. 330, 102 A.2d 418 (1954); *See* Pa. R.C.P. No. 1033. Moreover, the courts may liberally permit amendments to introduce even a new cause of action and new parties so long as doing so would not deprive a party of the defense of the statute of limitations. *Saracina v. Cotoia,* 417 Pa. 80, 208 A.2d 764 (1965). *See generally* 3 Standard Pennsylvania Practice, §677 et seq. While it is difficult here to determine whether

the error in Marinucci's petition is one which should be characterized as an error in the form of action or as an error in the cause of action, it does seem clear that Marinucci is the real party in interest and that there is a bona fide dispute as to who is the lawful title holder to the property in question. Because there appear to be no statute of limitation problems involved, therefore, and because we do not believe that the Respondents will be prejudiced or that any valid defenses will be lost if we remand this action, we will so remand it. The County Commissioners then, if they agree to be substituted as petitioners, may be so indicated by proper amendment to Marinucci's petition and the case may be placed on its merits before the court below.

The decision of the court of common pleas, therefore, is hereby reversed and this action is remanded to that court for action in accordance with this opinion. We, therefore, issue the following

### ORDER

AND Now, this 14th day of October, 1976, the decision and order of the Court of Common Pleas of Lackawanna County is hereby reversed and the case is remanded to that court for action consistent with the opinion filed herewith.