Atlantic Richfield Company *v.* Michael A. Della Vecchia, Recorder of Deeds of the County of Allegheny et al. Township of Marshall, Appellant.

Argued May 6, 1982, before Judges BLATT, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Burton C. Duerring,* for appellant.

*Victor R. Delle Donne, Baskin and Sears, P.C.,* for appellee, Atlantic Richfield Company.

OPINION BY JUDGE BLATT, September 30, 1982:

The genesis of this appeal was an action in mandamus brought in the Court of Common Pleas of Allegheny County by the Atlantic Richfield Company (Arco) to compel the Recorder of Deeds in Allegheny County (Recorder) to accept and to record a subdivision plan which had been approved by the Allegheny County Planning Commission.

The plan, which provided for subdividing property owned by Arco in Marshall Township (Township) into two lots, had been submitted to the Recorder on August 21, 1980, but he advised Arco by letter of August 25, 1980 that it would "not be recorded until the plan is approved by Township officials. The Marshall Township solicitor informed this Office that a subdivision ordinance is in effect in the township and that

the local approvals are necessary for recording.'' The trial court permitted the Township to intervene and the matter was adjudicated on the basis of written stipulations of fact submitted by Arco and the Township; the Recorder did not participate in the matter. The trial court then granted Arco's motion for peremptory judgment in mandamus, reasoning that the Allegheny County Planning Commission regulations, which addressed the subdivision of parcels into two or more lots rather than the Township Subdivision Ordinance (Ordinance No. 51), which addressed the "division of a single lot, tract or parcel of land . . . into three or more lots, tracts or parcels of land,'' controlled. The trial court then concluded that, inasmuch as "[t]he plan submitted to the Recorder is free from any defects on its face and has the approval of the Planning Commission of Allegheny County . . . the defendant Recorder had no discretion but to accept the plan as presented on August 21, 1980 and record it.'' It dismissed the Township's subsequent exceptions and this appeal followed.

On February 18, 1980, Arco had appeared before the Township Planning Commission to seek approval of a site plan in which the property was to be divided into two parts, with a service station and a minimarket to be constructed on one part of the property. The Planning Commission initially rejected the plan because of the proposed division of the property, but later granted approval when Arco agreed not to subdivide the property. On May 20, 1980 the Township Zoning Hearing Board granted Arco's request for a setback variance. The Township Board of Supervisors on July 2, 1980 declared its zoning ordinance relative to business districts invalid, as not in compliance with the updated Comprehensive Plan, and declared a moratorium "on building and uses of land within certain commercial districts'' until adoption of

238

an ordinance which conformed to the newly adopted comprehensive plan. The Township Board of Supervisors announced on August 6, 1980 that it would hold its first public hearing on the proposed new ordinance on August 25, 1980 which ordinance, *inter alia,* defined a subdivision as a division of a single lot into two or more lots. Because of the aforementioned moratorium, Arco chose not to seek approval from the Township and instead sought and secured the approval of the Allegheny County Planning Commission for a plan which *subdivided* its property into two lots.

The question before us is whether or not mandamus lies to compel the recording of Arco's plan as approved by the County Planning Commission, and our resolution of that inquiry will rest upon whether the County plan, which defined "subdivision" as a division of a single tract into two or more lots, or the Township's Ordinance No. 51, which defined "subdivision" as a division of a single tract into three or more lots, is controlling here. Mandamus is, of course, an extraordinary writ which lies to compel the performance of a ministerial act or a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant and no other appropriate or adequate remedy available. *Anderson v. Shaffer,* 39 Pa. Commonwealth Ct. 636, 396 A.2d 91 (1979). It does not lie, however, to compel the exercise of discretionary acts except where the exercise of discretion is arbitrary, fraudulent, or based upon a mistaken view of the law. *Cohen v. Ford,* 19 Pa. Commonwealth Ct. 417, 339 A.2d 175 (1975).

The Township's Ordinance No. 51 was enacted pursuant to Section 1201-A of The Second Class Township Code, Act of May 1, 1933, P.L. 103, added by Section 16 of the Act of May 24, 1951, P.L. 370, *as amended, formerly* 53 P.S. §66251, repealed by Section 1201(5) of the Pennsylvania Municipalities Planning

Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11201(5). A similar provision is now found at Section 501 of the MPC, 53 P.S. §10501. Section 103 of the MPC, 53 P.S. §10103, provides, *inter alia,* that "[a]ll ordinances . . . made pursuant to any act of Assembly repealed by this act shall continue in effect as if such act had not been repealed, except as the provisions are inconsistent herewith." Section 107(21) of the MPC, 53 P.S. §10107(21) defines "Subdivision" as:

[T]he division or redivision of a lot, tract or parcel of land by any means into two or more lots, tracts, parcels or other divisions of land including changes in existing lot lines for the purpose, whether immediate or future, of lease, transfer of ownership or building or lot development. . . .

The definition of "subdivision" found in the Township's Ordinance No. 51 is, therefore, clearly inconsistent with the definition of "subdivision" found in the MPC, and examining such inconsistencies, we have previously stated that, under "[t]he 1972 amendments to the MPC . . . the terms of the MPC *take precedence over* and invalidate, to the extent of their inconsistency, all local zoning enactments." *Cohen,* 19 Pa. Commonwealth Ct. at 423, 339 A.2d at 178 (emphasis added). The Township Ordinance No. 51's definition of "subdivision" was, therefore, "repealed by implication," *Id.,* and the definition of "subdivision" contained in the MPC took precedence over it so that the Township's subdivision ordinance was thereafter applicable to the division of lots or tracts into *two* or more lots.

The MPC was enacted, among other reasons, "to accomplish a coordinated development of municipalities . . ." and "to permit municipalities . . . to minimize such problems as may presently exist or which

240

may be foreseen." Section 105 of the MPC, 53 P.S. §10105. In implementing this purpose, the legislature has mandated as to counties, *inter alia,* that:

> The powers of governing bodies of counties to enact, amend and repeal subdivision and land development ordinances shall be limited to *land* in those . . . townships wholly or partly within the county which have no subdivision and land development ordinance in effect at the time a subdivision and land development ordinance is introduced before the governing body of the county, and until the . . . township subdivision and land development ordinance is in effect and a certified copy of such ordinance is filed with the county planning agency, if one exists. The enactment of a subdivision and land development ordinance by any municipality, other than a county, whose land is subject to a county subdivision and land development ordinance *shall act as a repeal pro tanto of the county subdivision and land development ordinance within the municipality adopting such ordinance.* (Emphasis added.)

Section 502 of the MPC, 53 P.S. §10502. It is clear, therefore, that county planning agencies have jurisdiction over *land* located in townships which do *not* have subdivision ordinances until—and only until—such time as a township subdivision ordinance is enacted and is filed within the county planning agency. It is also clear that the enactment of such an ordinance by a township "shall act as a repeal pro tanto of the county subdivision . . . ordinance within the municipality adopting such ordinance." *Id.* Consequently, once the Township here enacted a subdivision ordinance, it, and only it, had jurisdiction over the land located within its boundaries. Section 501 of Ordinance No. 51 provides, in pertinent part, that:

No plan of any subdivision shall be entitled to be recorded in the Office of the Recorder of Deeds of Allegheny County or have any validity until it shall have been approved [by the Township].

The subdivision plan submitted by Arco to the Recorder here did not contain the requisite Township approval. The Recorder, therefore, had no authority, much less any duty, to record it. And, in the absence of the need for the performance of a ministerial act or the performance of a mandatory duty on the part of the Recorder, mandamus did not lie. The trial court erred, therefore, in directing the Recorder to accept and record Arco's plan.

We will, therefore, reverse the order of the trial court.

### Order

And Now, this 30th day of September, 1982, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed.