## The Whale's Tale, Inc. v. City of Pittsburgh Zoning Administrator

*Hilary A. Spatz*, for plaintiff.
*Kellen McClendon*, for defendants.
*Martha A. Zatezalo*, for United Mental Health.

PAPADAKOS, A. J., November 22, 1982—This matter comes before the court on petition for review filed by Whale's Tale, Inc., appellant, (SA 623 of 1982) and on its complaint in mandamus (GD 82-16274) seeking the issuance of a permit to continue to use property at 814 South Negley Street in the City of Pittsburgh as a Group Residence Facility as defined by Section 993.01(a) of the Pittsburgh Code.

These two cases have been consolidated as the facts are not in controversy and can be easily summarized.

On November 2, 1981, appellant filed an application with the Zoning Administrator of the City of Pittsburgh seeking permission to continue its use of the subject property as a Group Residence Facility for eight residents and two staff persons. The subject property is located in an R-4 zoning district which permits group residence facilities as a conditional use under Section 993.01(a)A of the Pittsburgh Zoning Ordinance (Title Nine).

Following the procedure outlined in the ordinance, appellant's application was reviewed by the planning commission. That body held a hearing on April 13, 1982 and, by its action of April 27, 1982, recommended to council that the application be approved.

A resolution approving the application was presented to council and a hearing on said application was held by council on June 29, 1982. On July 12, 1982, Council voted to approve the application.

Also, on July 12, 1982, the Mayor of the City of Pittsburgh, Richard Caliguiri, received a copy of the resolution as approved, and by his letter of July 23, 1982, vetoed the resolution attaching reasons to the veto.

Finally, on July 26, 1982, City Council sustained the Mayor's veto in effecting denying appellant's application. Appellant has filed a complaint in mandamus at GD 82-16274, on August 25, 1982, seeking to compel issuance of the permit and a petition for review under the Local Agency Law, 2 Pa. C.S.A. §752 from City Council's action in sustaining the Mayor's veto at SA 623 of 1982.

Since both actions involve the same facts and legal issues, they were consolidated by order of court dated September 16, 1982 for full disposition. The facts in this case raise the interesting questions of (1) whether the Mayor of the City of Pittsburgh can approve or disapprove City Council's action in granting or denying conditional use applications under the Zoning Ordinance of the City of Pittsburgh, and (2) whether the Mayor's veto and its subsequent affirmance by City Council operates as a denial of a previously approved application.

## DISCUSSION

The Home Rule Charter of the City of Pittsburgh, Article III, Section 321, sets forth the Mayor's veto power as follows:

"Council shall submit all proposed legislation to the Mayor for approval prior to its effective date. The Mayor shall sign the legislation within ten days, if approved, but if not, shall return it to Council stat-

ing objections. Council, at its next meeting, shall reconsider any legislation disapproved by the Mayor and may pass it in spite of the Mayor's disapproval by a two-thirds vote of all the members. If the mayor fails to sign or return legislation to Council with reasons for disapproval, it shall become law as of its effective date, ten days after submission to the Mayor. The Mayor may disapprove any item in the operating budget or capital budget, subject to reconsideration by Council in the same manner as other legislation."

By the section of the Pittsburgh Home Rule Charter referred to, the Mayor may approve or veto all ordinances or resolutions of a legislative nature passed by council, but the Charter does not extend this power to other transactions of that body. If the measure be legislative in purpose or effect it is immaterial whether it be called an ordinance, resolution, by-law or rule and it clearly must be submitted to the Mayor for approval or veto. See Commonwealth v. National Bank, 9 Pa. Super. 118, (1898); Jones v. Light, Heat, Etc. Co., 202 Pa. 164, 51 Atl. 762 (1902); Eddy v. Ashley Boro, 281 Pa. 4, 125 Atl. 308 (1924); Wilkes-Barre Railroad Co. v. Kingston Boro, 319 Pa. 471, 181 Atl. 564 (1935).

It is equally clear that the Mayor's veto power does not extend over resolutions and ordinances which are executive or ministerial in nature. See Wilkes-Barre Railroad Co., supra.

The Appellate Courts of Pennsylvania have consistently held that mayors do not possess the veto power where its exercise would be deleterious to the conduct of government (see Nicoletti v. Veitch, 411 Pa. 216, 191 A. 383 (1963).

The case at bar involves a conditional use approval by City Council under the Zoning Ordinance of the City of Pittsburgh. If that act is legislative, then

the Mayor has the right to approve or veto same. Such is not the case here.

When council acts in approving or denying conditional use applications, it is acting in an administrative capacity and essentially is approving the issuance of a permit, nothing more. North Point Breeze Coalition v. Pittsburgh, 60 Pa. Commw. 298, 431 A. 2d 398 (1981).

Since the grant of a conditional use application is not legislative in nature, the Mayor's approval or disapproval is a ministerial act which in no way affects the validity of the resolution or changes that body's decision.

Applying these principles to this case compels a conclusion that council's approval of the application on July 12, 1982 was a final, appealable adjudication under the Local Agency Law, 2 Pa. C.S.A. §101 (see North Point Breeze Coalition, supra). The adjudication, not being legislative, was not subject to the Mayor's veto and his action of July 23, 1982 was a nullity and did not affect council's grant of the application. Finally, since the Mayor's veto had no effect, there was nothing for council to consider in its meeting of July 26, 1982 and its vote to affirm the Mayor's veto had no effect on the July 12, 1982, approval of the application.

With these conclusions and findings in mind, the court must fashion a remedy for appellant consistent with its complaint in mandamus and petition for review under the Local Agency Law.

## MANDAMUS

Mandamus is, of course, an extraordinary writ which lies to compel the performance of a ministerial act or a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant and no other appropriate or adequate

remedy available. Atlantic Richfield Co. v. Della Vechhia, 69 Pa. Commw. 235, 450 A. 2d 792 (1982). It does not lie, however, to compel the exercise of discretionary acts except where the exercise of discretion is arbitrary, fraudulent, or based upon a mistaken view of the law. Cohen v. Ford, 19 Pa. Commw. 417, 339 A. 2d 175 (1975).

In the present case, City Council approved the requested conditional use application on July 12, 1982. The mayor's subsequent veto on July 23, 1982 and city council's affirmance of that veto on July 26, 1982 had no effect on the July 12, 1982 approval. Accordingly, appellant is entitled to an occupancy permit in conformance with the conditional use application and resolution of city council approving said application.

Since appellant has a clear legal right to the issuance of a permit and the city has a corresponding duty to issue the permit (once council approved the application), this mandamus action was the proper vehicle to compel issuance of the permit.

Under the facts of this case, it was impossible for the permit to issue directly from the city on its own volition because of its actions in affirming an improper veto of the mayor mandamus is, therefore, the only remedy available to compel the issuance of this permit.

## STATUTORY APPEAL

Appellant has also challenged city council's action in affirming the veto of the mayor and filed its appeal of that action with the court under the Local Agency Law, 2 Pa. C.S.A. §752, et. seq, Act of April 28, 1978, P. L. 202.

No additional evidence has been taken by this Court and review will be limited to a determination of whether the adjudication was in violation of the

constitutional rights of Appellant, was not in accordance with the law, or any findings of fact made by Council and necessary to support its adjudication was not supported by substantial evidence. Gabriel v. Trinity Area School District, 22 Pa. Commw. 620, 350 A. 2d 203 (1976); Board of Pensions and Retirement of the City of Philadelphia v. Einhorn, 65 Pa. Commw. 144, 442 A. 2d 21 (1982); Porter v. Board of School Directors, 67 Pa. Commw. 147, 445 A. 2d 1386 (1982); Kujawa v. City of McKeesport, 67 Pa. Commw. 38, 445 A. 2d 1348 (1982); see also 2 Pa. C.S.A. §754(b)1 for scope of review as set forth in the Local Agency Law when a complete record exists.

While the actions of Council are not accompanied by findings and reasons as required by 2 Pa. C.S.A. §555 in support of the affirmance of the Mayor's veto, remand will not be necessary because the record below is totally devoid of evidence upon which the council could base findings necessary to affirm the illegal veto of the Mayor.

The court has already determined that the July 23, 1982 veto was a nullity and did not affect council's grant of the conditional use application. Since no valid veto was before council on July 23, 1982, its actions in affirming same were ministerial and of no legal effect. Accordingly, council's action on July 26, 1982 was a nullity and did not change the approval of the conditional use application or its terms. This court must, therefore, vacate the July 26, 1982 actions of the council and grant appellant's appeal.

Accordingly, the following order of court will be entered consistent with the foregoing:

## ORDER OF COURT

And now, November 22, 1982, it is hereby ordered, adjudged and decreed that the City of Pittsburgh Zoning Administrator be, and the same is

334

hereby, ordered to issue a permit allowing the continued use of Whale's Tale's property as a Group Residence Facility pursuant to the terms of its conditional use application and approval of same by City Council of the City of Pittsburgh on July 12, 1982.

It is further ordered that the actions of city council on July 26, 1982 in affirming a veto over this application be, and the same are hereby, vacated as having no legal effect.