John J. Boyd, Appellant *v.* Zoning Hearing Board of Churchill Borough and Laura Diskin, Appellees.

Submitted on briefs March 14, 1984, to Judges WILLIAMS, JR., DOYLE and BLATT, sitting as a panel of three.

*Richard L. Rosenzweig, Rosenzweig & Burton,* for appellant.

*David A. Lovejoy,* for appellees.

OPINION BY JUDGE DOYLE, June 7, 1984:

This is an appeal from the order of the Allegheny County Court of Common Pleas affirming the decision of the Churchill Borough Hearing Board (Board) which held that a patio was exempt from the side yard requirements of the Borough's Zoning Ordinance (Ordinance).

In August of 1982, Laura Diskin, Intervenor-Appellee, constructed a wooden deck in the side yard of her single family home. The deck extended to within four feet, three inches of the side yard boundary, in violation of the Borough's Zoning Ordinance, which required a side yard setback of a minimum of ten feet. Diskin's next-door neighbor, John Boyd (Appellant), objected to the construction of the deck and contacted Borough officials, who directed Diskin to apply for a building permit to legalize her construction. The per-

mit was denied, whereupon Diskin applied for a variance from the Ordinance's side yard requirement.

After two hearings on September 27 and October 25, 1982, the Board held that a variance was not required for the construction of the deck, concluding that the deck was a "patio", which was excluded from the Ordinance's definition of a "structure", and thus not subject to the Ordinance's minimum side yard requirement. Appellant appealed to the Allegheny County Court of Common Pleas, which affirmed the Board's decision on March 11, 1983.

Before this Court, Appellant argues that the Board erred in determining that the wooden deck in question was a patio.[1] Appellant contends that since the deck was elevated twelve inches from the ground, it was a platform and thus subject to the minimum side yard requirement under Section 205.2 of the Ordinance, which states:

> All structures, whether attached to the principal structure or not, and whether open or enclosed, including porches, carports, balconies, or *platforms above normal grade level*, shall not project into any minimum front, side or rear yard. (Emphasis added.)

In determining that the deck was a patio, the Board specifically found that the deck was not above grade level. The Board concluded that, despite its elevation, the deck remained at grade level because there was no useful space beneath the deck. In view of the evidence that the ground beneath the deck was uneven and covered with tree roots, we find that such a conclusion

---

[1] In a zoning case where the court below takes no additional evidence, review by the Commonwealth Court is to determine whether the zoning board abused its discretion or committed an error of law. *Appeal of Mt. Laurel Racing Association*, 73 Pa. Commonwealth Ct. 531, 458 A.2d 1043 (1983).

was reasonable. Therefore, the Board's conclusion that the deck was a patio rather than a platform above grade level did not amount to an abuse of discretion.

Appellant also argues that the exclusion of patios from the Ordinance's definition of structure is infirm because it is inconsistent with the definition of structure contained in the Pennsylvania Municipalities Planning Code (Code).[2] Section 601.22 of the Borough's Zoning Ordinance defines "structure" as:

> Anything constructed or erected, the use of which requires a fixed location on the ground or an attachment to something having a fixed location on the ground, including, in addition to buildings, billboards, carports, swimming pools, porches, and other building features, *but not including* sidewalks, drives, fences and *patios.* (Emphasis added.)

Section 107(20) of the Code,[3] on the other hand, defines "structure" as:

> [A]ny man-made object having an ascertainable stationary location on or in land or water, whether or not affixed to the land.

Unlike the Ordinance, the Code does not exclude patios from its definition of structure. Appellant contends that the Code's definition of structure supersedes the Ordinance's definition, and to the extent of any inconsistency, a patio must be considered a structure.[4] We

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202.

[3] 53 P.S. §10107(20).

[4] While the Court of Common Pleas agreed with Appellant's contention, and held that the patio is a structure, it nonetheless concluded that the patio should not be subject to the Ordinance's minimum side yard requirement. The court reasoned that the Borough intended to exclude patios from the minimum side yard requirement of its Ordinance, and that the Ordinance could be easily amended to

cannot agree. While it is true that under Section 103 of the Code,[5] the provisions of the Code take precedence over and invalidate, to the extent of their inconsistency, all local zoning enactments, *Atlantic Richfield Co. v. Della Vecchia,* 69 Pa. Commonwealth Ct. 235, 450 A.2d 792 (1982); *Cohen v. Ford,* 19 Pa. Commonwealth Ct. 417, 339 A.2d 175 (1975), not every deviation from the language of the Code, however, results in an inconsistency. The language of an ordinance need not be identical to that of the Code in order to be consistent with its provisions; it is enough that the language, when applied, creates no conflict with the provisions mandated by the Code.

In *Cohen* and *Atlantic Richfield,* where we held that the provisions of the local ordinance were inconsistent with the Code, we were faced with ordinance language which did create a conflict with the requirements of the Code. In *Cohen,* the ordinance provided for the approval of a conditional use by the planning commission, instead of by the governing body as required by Section 603 of the Code.[6] In *Atlantic Richfield,* the ordinance's definition of subdivision differed from the Code's definition by requiring that there be a division of land into *three* or more lots, thus conflicting with the Code's requirements relating to the approval and recording of subdivisions,[7] which, under the Code's definition of subdivision, were to apply to divisions of land into *two* or more lots.

---

provide for the same. We note that the court was without authority to make such a conclusion. The fact that a municipality may wish to amend its zoning ordinance does not allow the court to make such an amendment. A zoning amendment is strictly a legislative matter with which the courts may not interfere. *See In Re: Appeal of Frank Merlino,* 19 Pa. Commonwealth Ct. 143, 339 A.2d 642 (1975).

[5] 53 P.S. §10103.

[6] 53 P.S. §10603.

[7] Sections 508 to 515 of the Code, 53 P.S. §§10508-10515.

Unlike *Cohen* and *Atlantic Richfield*, the Ordinance's language in the present case, although not identical to the Code's creates no conflict with the Code's provisions. In contrast to the definition of subdivision considered in *Atlantic Richfield*, the Code's definition of structure does not determine the applicability of other provisions of the Code. Indeed, the Code contains no provisions applying its definition of structure other than those which allow a municipality to regulate structures under its zoning power.[8] Certainly the Ordinance's exclusion of patios from its definition of structure is not inconsistent with the Code's conferral of authority to regulate "structure" under a broader definition of that term.

We conclude, therefore, that the Ordinance's definition of structure remains in effect and is not superseded by the definition found in the Code. Since the Ordinance's definition clearly excludes patios, the Board was correct in concluding that the minimum side yard requirement of the Ordinance did not apply, and that no variance was necessary for the construction of a patio.[9]

Accordingly, the order of the Court of Common Pleas dismissing the appeal is affirmed.

ORDER

Now, June 7, 1984, the order of the Allegheny County Court of Common Pleas in the above referenced matter, dated March 11, 1983, is hereby affirmed.

---

[8] Sections 603 and 605 of the Code, 53 P.S. §§10603, 10605.

[9] Appellee has contended that Appellant lacks standing to pursue this appeal, arguing that he is not an "aggrieved party" for purposes of Section 1007 of the Code, 53 P.S. §11007. We find this conclusion without merit, as it is clear from the evidence that Appellant owned the property which adjoined Appellee's property on the side in which the deck was situated.