## Sunset Development Inc. v. Board of Supervisors of East Pikeland Township

*Joseph E. Brion* and *J. Edmund Mullin,* for appellant.

*James E. McErlane* and *William P. Mahon,* for appellee.

*Ronald C. Nagle,* for intervenor.

SMITH, *J.,* July 13, 1990 — Before us is the appeal of Sunset Development Inc. from a decision

of the Board of Supervisors of East Pikeland Township to deny Sunset's application for preliminary subdivision appeal.

Appellant, Sunset, is the owner of a certain tract of land (Barley Farms) situated in East Pikeland Township totalling approximately 35.2 acres. On November 9, 1987, Sunset submitted an application for preliminary subdivision approval of Barley Farms along with preliminary plans proposing the creation of 39 building lots on the property. Sunset gave the township, via written extensions of time, until January 17, 1989, in which to consider and rule upon the preliminary subdivision plans. Between the date of the initial application and September 1, 1988, appellant made various modifications to, and submitted revised preliminary plans for, the Barley Farms project. During this period of time, Sunset decreased the number of proposed lots.

The board orally denied Sunset's application on January 17, 1989. The board issued written notification of its denial to Sunset 15 days later, setting forth its reasons for not approving the preliminary plan of subdivision. Sunset filed a notice of appeal alleging that the board's denial was arbitrary and capricious, an abuse of discretion and contrary to law. Specifically, Sunset has raised four issues: (1) Whether the board's decision was timely under the Pennsylvania Municipalities Planning Code, section 508(1), 53 P.S. §10508(1) and the East Pikeland Township Subdivision and Land Development Ordinance §303(g);[1] (2) Whether the board violated the Sunshine Act, 65 P.S. §271 et seq.; (3) Whether

---

1. Although it can be argued that Sunset's notice of appeal, paragraph 7.A, raises only a question of timeliness with regard to the MPC, a liberal reading of the averment — especially the second sentence — allows me to view this averment as raising the issue of timeliness under *either* the MPC or the township's Subdivision Ordinance.

the board's decision failed to comply with MPC, section 508(2), 53 P.S. §10508(2); and (4) Whether the board abused its discretion in denying Sunset's application for preliminary subdivision approval.

Sunset, in its notice of appeal, paragraph 7.A, alleges that:

"The last extension for review granted by appellant to appellee expired on January 17, 1989 and section 508 of the Municipalities Planning Code (53 P.S. §10508) requires that a board must render its decision and communicate it to the applicant within the applicable period as may be extended by the applicant. In fact, *the decision was made on the last day of the extended time period but was not communicated in writing to applicant until 15 days following the decision.*" Notice of appeal, paragraph 7.A. (emphasis supplied)

In examining the returned record, we discovered that it contained only certain portions of the East Pikeland Township Subdivision and Land Development Ordinance and Zoning Ordinance. We requested and received from appellant's counsel a complete copy of the subdivision ordinance and similarly obtained a copy of the entire zoning ordinance from appellee's counsel. After receiving the subdivision ordinance, we sent opposing counsel a letter requesting that they indicate whether certain portions of the subdivision ordinance had been "amended, altered, modified or otherwise repealed before the relevant time period. . ."[2] Counsel have responded that the provisions cited have not been changed.

---

2. This letter was sent strictly to ensure that we had the correct version of the ordinance before us. Although the term "evidence" was used in the letter, no "additional" evidence was received by this court and thus our scope of review is limited to determining whether the board abused its discretion or committed an error of law. *Noll v. Stewart,* 57 Pa. Commw. 559, 427 A.2d 710 (1981).

According to MPC, section 508, where there has been an application for subdivision approval:

*"The decision* of the governing body or the planning agency shall be in writing and *shall be communicated to the applicant* personally or mailed to him at his last known address *not later than 15 days following the decision."* 53 P.S. §10508(1). (emphasis supplied)

The township subdivision ordinance, however, states that:

"All applications for approval of a plot shall be acted upon by the board not later than 90 days after such application is filed. *The decision of the board shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than five days following the decision. Failure of the board to so act shall be deemed an approval of the application* in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of communication of the decision." East Pikeland Township Subdivision and Land Development Ordinance, section 303(g). (emphasis supplied)

It is well-settled that "[a] subdivision ordinance being legislative enactment in derogation of the common law and therefore a restriction upon the free use of one's property, must be strictly construed against the municipality." *Gulf Oil Corporation of Pennsylvania v. Warminster Township Board of Supervisors,* 26 Bucks L. Rep. 301, 303 (1975), quoting *Appeal of Robust,* 63 Lancaster L. Rev. 305 (1971), and affirmed, 22 Pa. Commw. 63, 348 A.2d 485 (1975); *Akin v. South Middletown Township Zoning Hearing Board,* 120 Pa. Commw. 112, 547 A.2d 883 (1988); *Martorano v. Board of Commissioners of Cheltenham Township of Montgomery*

*County,* 51 Pa. Commw. 202, 414 A.2d 411 (1980); *Appeal of B.J. Development Corp.,* 18 Chester L. Rep. 98 (1970). It is also true that the MPC takes precedence over and invalidates a local subdivision ordinance to the extent that such provisions are inconsistent with the MPC. *Boyd v. Zoning Hearing Board of Churchill Borough,* 83 Pa. Commw. 110, 476 A.2d 499 (1984); *Atlantic Richfield Co. v. Della Vecchia,* 69 Pa. Commw. 235, 450 A.2d 792 (1982); *Cohen v. Ford,* 19 Pa. Commw. 417, 339 A.2d 175 (1975); *Strause v. Maidencreek Township,* 41 D.&C. 3d 273 (1985); *Parkesburg Associates Registered v. Cassidy,* 23 Chester L. Rep. 283 (1975); 53 P.S. §10103. However:

"[N]ot every deviation from the language of the [MPC] results in an inconsistency. The language of an ordinance need not be identical to that of the [MPC] in order to be consistent with its provisions; it is enough that the language, when applied, creates no conflict with the provisions mandated by the [MPC]." *Boyd v. Zoning Hearing Board of Churchill Borough, supra,* at 114, 476 A.2d at 501-2.

In adopting MPC, section 508, the legislature specifically allowed municipalities to enact local subdivision ordinances containing shorter time periods in which a governing body or planning agency must act in approving or denying the plan and in which it must communicate, in writing, that decision to the applicant.

*"All applications* for approval of a plot . . . whether preliminary or final, *shall be acted upon by the governing body . . . Within such time periods as may be fixed in the subdivisions and land development ordinance but the governing body . . . shall render its decision and communicate it to the applicant not later than 90 days following the date of the regular meeting* of the governing body. . ..

"(1) *The decision . . . shall be in writing and shall be communicated to the applicant . . . not later than 15 days following the decisions.*

"(3) *Failure . . . to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval . . .* unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision. . .." 53 P.S. §10508. (emphasis supplied)

The subdivision ordinance's language in the case sub judice, requiring issuance of the written decision within five days, while not identical to the MPC requirement that the written decision be communicated within 15 days, creates no conflict with the MPC's provisions. The subdivision ordinance *is not inconsistent with, but merely more restrictive than,* the MPC's requirement. The board by enacting section 303(g) of the subdivision ordinance has imposed upon itself a greater burden than that which the commonwealth mandates.

The board, by not communicating the written decision to appellant within five days of denying the preliminary subdivision plan, violated section 303(g) of the township's subdivision ordinance. Thus, the "[f]ailure of the board to so act shall be deemed an approval of the [a]pplication in terms as presented. . . ." East Pikeland Township Subdivision and Land Development Ordinance, §303(g).

## ORDER

And now, July 13, 1990, upon consideration of Sunset Development Inc.'s notice of appeal and after careful review of the record, this court finds that the Board of Supervisors of East Pikeland Township, having failed to comply with section 303(g) of the East Pikeland Township Subdivision

and Land Ordinance, has caused a deemed approval of the application for preliminary subdivision approval for the tract of land known as "Barley Farms" in the terms as presented to the board on January 17, 1989. Such deemed approval of the application for preliminary subdivision approval shall not, however, affect appellant's responsibilities to proceed in accordance with all applicable ordinances and regulations.

## SUPPLEMENTAL OPINION

SMITH, *J.*, September 18, 1990 — Sunset Developers Inc. appealed to this court from a decision of the Board of Supervisors of East Pikeland Township which denied Sunset's application for preliminary subdivision approval. On July 13, 1990, upon review of record, we entered an opinion and order in which we found a deemed approval of the subdivision application. Both the board and the intervenor, Walter Mullen, have appealed our decision of July 13, 1990, to the Commonwealth Court and have filed statements of matters complained of on appeal. We now write this supplemental opinion pursuant to Pa.R.C.P. 1925(a).

The board and intervenor complain that we erred in that:

Sunset filed a companion action — a complaint in mandamus — with this court on May 15, 1989, no. 85-04198. The Honorable Lawrence E. Wood issued an order on January 26, 1990, relative to the mandamus action, sustaining preliminary objections and dismissing said action. However, Judge Wood's order of January 26, 1990 was not made part of the record and was not considered by us in deciding the subdivision appeal action. Furthermore, although the board and intervenor aver that the mandamus action raised the identical timeliness issue contained in the subdivision appeal, we do not

believe that our learned colleague necessarily based his decision in the mandamus action on an interpretation of section 303(g) of the East Pikeland Township Subdivision and Land Ordinance.

Intervenor also contends that this court took additional evidence by supplementing the record and then applied the standard for review applicable only for those cases in which no such additional evidence is taken. In constructing the return of the record, the board included a photocopy of only those sections of the East Pikeland Township Zoning Ordinance (sections 400, 405, 600 and 1407) and East Pikeland Township Subdivision and Land Development Ordinance (sections 200, 401, 501 and 503) which it believed were applicable. We did not believe that Sunset's appeal could be restricted to those portions of the ordinances which the board thought were relevant. Further, copies of two sections of the zoning ordinance, sections 405 and 1407, were not provided in their entirety. For these reasons, we requested from counsel complete copies of both ordinances.

After Sunset provided the full text of the ordinances, along with various amendments, we requested of all counsel, via our letter of June 5, 1990, confirmation that our version of the ordinance was accurate and up-to-date. We specifically asked if sections 102 and 303(g) remained in effect or whether there had been amendments, alterations modifications or repeals of these sections of which we were unaware. Our actions did not constitute the taking of new evidence.

As to the other points raised by the board and intervenor in their respective matters complained of on appeal, we respectfully refer the Commonwealth Court to our decision of July 13, 1990.