**Ondra v. Bardella**

*Herbert Terrell*, for plaintiffs.
*Blane Black*, for defendant.

O'DELL-SENECA, *P.J.*, September 16, 2013—This matter is before the court on plaintiff's second emergency

motion for injunction. After a full hearing, it is hereby ordered, adjudged, and decreed that same is granted for the reasons stated below.

Plaintiffs are three independent individuals engaged in real estate business. They buy and sell properties at tax sales, and then direct the Washington County Sheriff's realty department to name a trust as grantee for execution of the sheriff's deed. Real estate is held by one of plaintiffs' trusts until such time as it is resold.

Defendant, Deborah Bardella, is the Washington County Recorder of Deeds, an elected position, provided for by the Constitution of the Commonwealth of Pennsylvania, Article 9, Section 4. She is charged with the recording and preservation of records relating to real property situate in Washington County, Pennsylvania. However, Washington County is unique among Pennsylvania counties in that its recorder of deeds has volunteered to also be the Director of the Washington County Department of Revenue and Director of the Washington County Tax Claim Bureau. Defendant asserts that her dual roles compelled her to implement recording policies that also aid tax collection, such as the requirement that an individual trustee must be named when the grantee is a trust.

In approximately April 2012, plaintiffs presented a deed for filing to defendant's office, which was refused as it failed to name an individual trustee. Plaintiffs filed the instant action in mandamus on November 7, 2012. Hence, the issue before this court is whether defendant can refuse to record a deed when presented to the recorder of deeds

office with the appropriate fees.

Defendant's sole argument is that plaintiffs lack the "clear legal right" to relief required for mandamus. *Atlantic Richfield Co. v. Della Vecchia*, 450 A.2d 792, 794 (Pa. Cmwlth. 1982). She asserts that plaintiffs' business, modeled around conveyances to and from trusts, has failed to properly create said trusts under Pennsylvania law. Accordingly, defendant believes that plaintiffs' trusts do not exist, and argues that plaintiffs have no legal right to mandamus absent a valid trust. Her argument lacks merit for the reasons stated below.

Plaintiffs' right to record a deed is statutory, as the relevant language of 21 P.S. §§351 and 356 provide that deeds are entitled to be recorded. 21 P.S. §351 provides:

> All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, *shall be recorded* in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate....(emphasis added).

Moreover, the Commonwealth Court recently held that §§351 and 356 created the "clear legal right" required of a petitioner seeking to record through a mandamus action, and that a recorder's argument to the contrary "lack[ed] merit." *Chesapeake Appalachia, LLC v. Golden*, 35 A.3d

1277, 1282 (Pa. Cmwlth. 2012).

Defendant's challenge to the validity of plaintiffs' trust is immaterial to the issue of mandamus. The right to record is not contingent on an instrument's legal sufficiency, and, even if it were, defendant lacks authority to conduct such an analysis. The recorder of deeds "'is a ministerial[1] officer charged with recording all documents presented'" to her, and may only refuse to record where the fee is unpaid or the document lacks a proper acknowledgment. *Id.* at 1281 (quoting *Woodward v. Bowers,* 630 F.Supp. 1205, 1207 (M.D. Pa. 1986)). In the case *sub judice,* the acknowledgment is by the Washington County Sheriff, and not the plaintiffs. The recorder of deeds is without discretion to reject documents based on their perceived legal deficiency, and "is truly just a 'custodian' of documents." *Id.* Accordingly, this court enters the following:

## ORDER

And now, this 16th day of September, 2013, it is hereby ordered, adjudged, and decreed, that the Hallam Avenue realty from this court's June 4, 2013, show cause list is removed and that an injunction is issued requiring the Washington County Recorder of Deeds office to record the present and all subsequent sheriff's deeds issued to plaintiffs.

---

1. "A ministerial act is defined as 'one which a public officer is required to perform upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning the propriety or impropriety of the act to be performed.'" *Council of the City of Philadelphia v. Street,* 856 A.2d 893, 896 (Pa. Cmwlth. 2004) (citations omitted).